**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRCT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KINZIE ADVANCED POLYMERS, LLC | : | |
| d/b/a Grove Bags | : | |
| 26201 Richmond Rd. Unite D | : | |
| Bedford Heights, OH 44146 | : | CASE NO. _____ |
| | : | |
| Plaintiff, | : | JUDGE _____ |
| | : | |
| v. | : | (JURY DEMAND ENDORSED |
| | : | HEREON) |
| CHAZ M. HERMANOWSKI | : | |
| 5920 Garrison Street | : | |
| Arvada, CO 80004 | : | |
| | : | |
| And | : | |
| | : | |
| JACOB MARK TORRISON | : | |
| 4460 East 121st Court | : | |
| Thornton, Colorado 80241 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR MONETARY AND DECLARATORY**
**JUDGMENT RELIEF WITH JURY DEMAND**

Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags"), for its Complaint for Monetary and Declaratory Judgment Relief With Jury Demand (the "Complaint") against Defendants Chaz M. Hermanowski ("Hermanowski") and Jacob Mark Torrison ("Torrison") (Hermanowski and Torrison are collectively, "Defendants"), states as follows:

**PARTIES**

1.      Plaintiff is an Ohio limited liability company.

2.      Plaintiff's principal place of business is located in Cuyahoga County at 26201 Richmond Road, Unit D, Bedford Heights, Ohio 44146.

1

3.     Plaintiff created TerpLoc®, a cannabis film that is the first of its kind.

4.     Grove Bags is an Ohio based company that is the market leader in the cannabis industry for packaging materials.

5.     Grove Bags' principal place of business is located in Cuyahoga County.

6.     Grove Bags' management team, warehouse and vast majority of its employees are in Ohio.

7.     Plaintiff's sole member resides in Ohio.

8.     Hermanowski is a former Grove Bags' employee.

9.     Torrison is a former Grove Bags' employee.

10.    Defendants were employed by Grove Bags pursuant to Grove Bags' Employment Agreements.

11.    Copies of Hermanowski's last Grove Bags' Employment Agreement is attached hereto as Exhibit 1.

12.    Copies of Torrison's Grove Bags' Employment Agreements are attached hereto as Exhibit 2.

13.    Defendants' employment with Grove Bags has ended.

14.    Defendants were offered severance agreements by Grove Bags.

15.    Hermanowski signed his severance agreement.

16.    A copy of Hermanowski's severance agreement is attached as Exhibit 3.

17.    Torrison did not sign his severance agreement.

## JURISDICTION AND VENUE

18.    Complete diversity exists between the Parties.

19.    Hermanowski is a citizen of Colorado.

2

20.     Torrison is a citizen of Colorado.

21.     Grove Bags is a resident of Ohio.

22.     The amount in controversy in this matter is in excess of seventy-five thousand dollars.

23.     This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because (a) there is complete diversity of citizenship between Plaintiff and the Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

24.     Jurisdiction is also proper in this Court because the Grove Bags Employment Agreement provides that any claims arising out of the Grove Bags Employment Agreement shall be adjudicated in the courts of the State of Ohio, in Cuyahoga County.

25.     Specifically, as part of the Grove Bags Employment Agreement, Defendants "consent to the exercise of personal jurisdiction by any such court with respect to any such proceeding."

26.     In addition, the Severance Agreement signed by Hermanowski provides that any claims arising out of the Severance Agreement shall be adjudicated in the courts of the State of Ohio, in Cuyahoga County.

27.     The Grove Bags Employment Agreements are valid and enforceable contracts.

28.     The Severance Agreement is a valid agreement.

29.     This Honorable Court also has jurisdiction over this matter because Grove Bags is asserting a federal claim under the Defendant Trade Secrets Act of 2016, 18 U.S.C. §1836 (the "DTSA").

30.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3

31.     Venue is proper in this Court because it is the forum required by the Grove Bags' Employment Agreement.

32.     Venue is also proper in this Court because it is the forum required by the Severance Agreement.

33.     Defendants expressly consented, in writing, to the jurisdiction and venue of this Court in the Grove Bags Employment Agreement and the Severance Agreement entered into with Grove Bags.

34.     Venue is also proper in this Court pursuant to 28 U.S.C. §1391 because this district is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

35.     These claims are properly joined pursuant to Rules 18 and 20 of the Federal Rules of Civil Procedure.

## GROVE BAGS IS THE MARKET LEADER

36.     Grove Bags sells high quality packaging products commercial and residential customers.

37.     Grove Bags develops and distributes packaging products that create the optimal cannabis climate inside every package.

38.     TerpLoc® provides Grove Bags with a competitive advantage in the marketplace.

39.     Grove Bags takes significant precautions to protect the TerpLoc® manufacturing information.

40.     Grove Bags' products support all phases of the cannabis industry from the grower to the distributor, to the warehouse, the retailer and finally the end-using customer.

41.     Grove Bags has developed customers throughout the cannabis retail business.

4

42.     Grove Bags has developed significant customer information that is highly valuable.

43.     Grove Bags takes significant precautions to protect this customer information from use outside of Grove Bags.

44.     All Grove Bags' employees are required to sign confidentiality agreements.

45.     The confidentiality agreements comply with federal and Ohio law.

46.     Grove Bags limits access of customer information to employees with a need to utilize such information for their Grove Bags' job duties and responsibilities.

47.     Grove Bags' computer systems are password protected.

48.     Grove Bags further limits access to certain customer, financial and product information.

49.     Grove Bags requires that employees leaving their employment with Grove Bags to return all Grove Bags' property and equipment.

50.     Grove Bags trains its employees to utilize Grove Bags' valuable customer information and trade secrets to perform their Grove Bags' duties.

51.     Grove Bags' customer information and training provide Grove Bags with a competitive advantage in the industry.

52.     Grove Bags' valuable business information and trade secrets include Grove Bags' costs, Grove Bags' pricing, Grove Bags' customer contracts, Grove Bags' proposed contracts, Grove Bags' distribution channels, Grove Bags' sales information, Grove Bags' customer list, Grove Bags' prospective customer lists, and information and documents relating to the manufacturing and selling of TerpLoc®.

53.     The confidential business information is highly valuable.

5

54.     Grove Bags takes significant precautions to protect the confidential business information.

55.     The confidential business information is considered a trade secret under state and federal law.

56.     While headquartered in Ohio, Grove Bags sells its products all over the world.

## DEFENDANTS HAD ACCESS TO GROVE BAGS' TRADE SECRETS AND CUSTOMERS

57.     Torrison was employed by Grove Bags as Central Territory Sales Manager.

58.     Torrison's position involved sales.

59.     Torrison had a sales goal for the Central Territory.

60.     A term and condition of Torrison's employment with Grove Bags was execution of the Grove Bags Employment Agreement.

61.     Grove Bags would not have hired Torrison and provided him with access to its valuable and confidential customer and training information had Torrison not executed the Grove Bags Employment Agreement.

62.     Due to his role in Grove Bags' sales, the Grove Bags Employment Agreement broadly protected Grove Bags' confidential information in Paragraphs 7 and 8.

63.     In addition, the Grove Bags Employment Agreement protected Grove Bags' customer, employee, and vendor relationships in Paragraph 6.

64.     Paragraph 16 of Torrison's Grove Bags Employment Agreement provides that Ohio is the law that governs the contract and courts in Cuyahoga County, Ohio have jurisdiction over all disputes between the Parties.

65.     Hermanowski was last employed by Grove Bags as Director of Marketing.

6

66.     Prior to holding the Director of Marketing position, Hermanowski held a sales position.

67.     A term and condition of Hermanowski's employment with Grove Bags was execution of the Grove Bags Employment Agreement.

68.     Grove Bags would not have hired Hermanowski and provided him with access to its valuable and confidential customer and training information had Hermanowski not executed the Grove Bags Employment Agreement.

69.     Due to his role in Grove Bags' marketing efforts, the Grove Bags Employment Agreement broadly protected Grove Bags' confidential information in Paragraphs 7 and 8.

70.     In addition, the Grove Bags Employment Agreement protected Grove Bags' customer, employee, and vendor relationships in Paragraph 6.

71.     Paragraph 16 of Hermanowski's Grove Bags Employment Agreement provides that Ohio is the law that governs the contract and courts in Cuyahoga County, Ohio have jurisdiction over all disputes between the Parties.

72.     As a sales employee, Torrison was required to record his customer and prospective customer contacts in Grove Bags' CRM system.

73.     As a sales employee, Torrison had access to highly valuable confidential information that Grove Bags considers trade secrets.

74.     Torrison's access to Grove Bags' confidential information included access and assistance in development of:  (1) Customer information in Grove Bags' CRM system; (2) information on the likes and dislikes of customers; (3) Grove Bags' pricing policies; (4) Grove Bags' costs; (5) product information; (6) customer lists; (7) prospective customer lists; (8) pricing

information; (9) Grove Bags' business strategy; (10) Grove Bags' competitors; (11) competing products; and (12) Grove Bags' growth areas.

75.     As Director of Marketing, Hermanowski worked closely with Grove Bags' executive team and sales team.

76.     As Director of Marketing, Hermanowski developed Grove Bags' marketing plans and strategy.

77.     As Director of Marketing, Hermanowski was highly knowledgeable of Grove Bags' products.

78.     As Director of Marketing, Hermanowski was highly knowledgeable of Grove Bags' pricing and sales strategies.

79.     Hermanowski attended weekly leadership meetings.

80.     Hermanowski's access to Grove Bags' confidential information included access and assistance in development of: (1) Customer information in Grove Bags' CRM system; (2) information on the likes and dislikes of customers; (3) Grove Bags' pricing policies; (4) Grove Bags' costs; (5) product information; (6) customer lists; (7) prospective customer lists; (8) pricing information; (9) Grove Bags' business strategy; (10) Grove Bags' competitors; (11) competing products; and (12) Grove Bags' growth areas.

81.     Defendants helped to protect the confidentiality of this information as management employees of Grove Bags.

## DEFENDANTS' SEPARATIONS FROM EMPLOYMENT

82.     Hermanowski was offered a severance package as part of his separation from employment with Grove Bags.

83.     Hermanowski had his own counsel review the severance agreement.

84.     Hermanowski accepted the severance package.

85.     Paragraph 9 of the Severance Agreement verified Hermanowski's compliance with the Grove Bags Employment Agreement.

86.     The Severance Agreement also prohibited derogatory comments, and it further required confidentiality.

87.     Grove Bags has fully complied with the Severance Agreement.

88.     A true and correct copy of the Severance Agreement is attached as Exhibit 3.

89.     Torrison was offered a severance package, but he elected not to sign the agreement.

90.     Due to his decision not to sign the severance agreement, Torrison was terminated for cause under the Grove Bags Employment Agreement.

91.     The termination letter is attached as Exhibit 4.

92.     Defendants did not raise any concerns with the Grove Bags Employment Agreement during their employment with Grove Bags.

93.     Defendants did not raise any concerns with the Grove Bags Employment Agreement until a former management employee of Grove Bags, Michael Ryan Tatum ("Tatum"), had a dispute with Grove Bags regarding Tatum's Grove Bags Employment Agreement and Severance Agreement.

94.     Tatum is providing services to Grove Bags' competitor, Calyx Containers, LLC ("Calyx"), in violation of his Grove Bags Employment Agreement and Severance Agreement.

95.     Grove Bags has initiated litigation against Tatum and Calyx.

96.     Tatum and Calyx are conspiring with Defendants to damage Grove Bags in order to gain leverage to permit Tatum to work for Calyx despite his Grove Bags Employment Agreement and Severance Agreement.

97.     Defendants have recently raised questions as to the Grove Bags Employment Agreement and Severance Agreement.

98.     Defendants have shared confidential information with Calyx and Tatum.

99.     Defendants have disparaged Grove Bags in violation of the Grove Bags Employment Agreement and Severance Agreement.

100.    Calyx's owner has testified, under oath, to disparagements.

101.    Tatum has testified, under oath, to his direct work with two individuals he used to manage to damage Grove Bags.

102.    Defendants' conduct is willful, intentional and done with malice.

103.    Defendants' wrongful conduct has damaged Grove Bags.

104.    An actual case or controversy exists between Defendants and Grove Bags.

<u>**COUNT I – BREACH OF CONTRACT**</u>
<u>**EMPLOYMENT AGREEMENT**</u>

105.    Grove Bags incorporates paragraphs 1 through 104 of the Complaint as if fully rewritten.

106.    The Grove Bags Employment Agreement is an enforceable contract.

107.    Grove Bags has fully complied with the Grove Bags Employment Agreements.

108.    The Employment Agreement prohibit Defendants from disclosing Grove Bags' proprietary or confidential information, competing with Grove Bags, or soliciting business from Grove Bags' customers.

109.    Defendants have breached the Grove Bags Employment Agreement.

110.    The Grove Bags Employment Agreement provides for injunctive relief because Defendants' breach will cause Grove Bags irreparable harm.

111.    As a direct and proximate result of Defendants' breaches of the Grove Bags Employment Agreement, Grove Bags has suffered damages in excess of $25,000.

112.    Grove Bags is entitled to its attorneys' fees in bringing this action because of Defendants' violation of the Grove Bags Employment Agreement.

**COUNT II – BREACH OF CONTRACT**
**SEVERANCE AGREEMENT**

113.    Grove Bags incorporates paragraphs 1 through 112 of the Complaint as if fully rewritten.

114.    The Severance Agreement is an enforceable contract.

115.    Grove Bags has fully complied with the Severance Agreement.

116.    The Severance Agreement prohibits Hermanowski from disclosing Grove Bags' confidential information.

117.    The Severance Agreement incorporates Hermanowski's obligations under the Grove Bags Employment Agreement.

118.    Hermanowski has breached the Severance Agreement.

119.    Hermanowski has not returned the severance payment.

120.    As a direct and proximate result of Hermanowski's breach of the Severance Agreement, Grove Bags has suffered damages in excess of $25,000.

121.    Grove Bags is entitled to its attorneys' fees in bringing this action because of Hermanowski's violation of the Severance Agreement.

122.    Grove Bags is entitled to recover the severance payments issued under the Severance Agreement.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS

123.    Grove Bags incorporates paragraphs 1 through 122 of the Complaint as if fully rewritten.

124.    The DTSA protects Grove Bags' confidential business information.

125.    Ohio law protects Grove Bags' confidential business information.

126.    Grove Bags maintains trade secrets. Grove Bags expended considerable effort and money in obtaining and developing its trade secrets.

127.    Those trade secrets are valuable in that they are not generally known to the competitors of Grove Bags or the public.

128.    Grove Bags has taken reasonable efforts to maintain the secrecy of its trade secrets.

129.    Upon information and belief, Defendants have willfully and maliciously misappropriated Grove Bags' trade secrets and used them to their business advantage.

130.    Unless injunctive relief is granted, Defendants' misappropriation will cause Grove Bags to suffer irreparable harm.

131.    Defendants are therefore liable to Grove Bags under the DTSA and the Ohio Trade Secrets Act and injunctive relief should be granted.

132.    Defendants are therefore liable to Grove Bags under the DTSA and the Ohio Trade Secrets Act for its actual damages, exemplary damages, and attorneys' fees, and injunctive relief should be granted.

## COUNT IV – TORTIOUS INTERFERENCE WITH ECONOMIC, CONTRACT, AND/OR BUSINESS RELATIONS

133.    Grove Bags incorporates paragraph 1 through 132 of the Complaint as if fully rewritten.

134.    Grove Bags had an economic, contract, and business relationship with Tatum.

12

135.    Grove Bags has economic, contract, and business relationships with customers, vendors, suppliers and other third parties.

136.    Defendants knew of Grove Bags' economic, contract and business relationships with Tatum.

137.    Defendants were aware of Grove Bags' contract with Tatum.

138.    Defendants intentionally and maliciously interfered with Grove Bags' economic, contract and business relationship with Tatum.

139.    Unless injunctive relief is granted, Defendants' actions will cause Grove Bags to suffer irreparable harm.

140.    As a direct and proximate result of Defendants' intentional and malicious interference with Grove Bags' economic and business relationships, Grove Bags has suffered damages in excess of $25,000.

141.    As a consequence of Defendants' actions, which were malicious, reckless, wanton, willful and gross and were characterized by hatred, ill will, a spirit of revenge, or a conscious disregard for the rights of Grove Bags, Grove Bags is entitled to an award of punitive or exemplary damages and attorneys' fees.

142.    Defendants are therefore liable to Grove Bags for its actual damages, exemplary damages, and reasonable attorneys' fees.

## COUNT V – CIVIL CONSPIRACY

143.    Grove Bags incorporates paragraph 1 through 142 of the Complaint as if fully rewritten.

144.    Defendants have conspired to unlawfully utilize Grove Bags' trade secrets.

145.     Defendants have conspired to unlawfully interfere with Grove Bags' contract with Tatum.

146.     Defendants have conspired to damage Grove Bags.

147.     Defendants' conduct is knowing, intentional and malicious.

148.     As a direct and proximate result of Defendants' intentional and malicious interference with Grove Bags' economic and business relationships, Grove Bags has suffered damages in excess of $25,000.

149.     As a consequence of Defendants' actions, which were malicious, reckless, wanton, willful and gross and were characterized by hatred, ill will, a spirit of revenge, or a conscious disregard for the rights of Grove Bags, Grove Bags is entitled to an award of punitive or exemplary damages and attorneys' fees.

150.     Defendants are therefore liable to Grove Bags for its actual damages, exemplary damages, and reasonable attorneys' fees.

## COUNT VI – DECLARATORY JUDGMENT

151.     Grove Bags incorporates paragraph 1 through 150 of the Complaint as if fully rewritten.

152.     28 U.S. Code § 2201 grants a court jurisdiction to issue a declaratory judgment when an actual controversy exists.

153.     Defendants have alleged that Grove Bags has not complied with the Grove Bags Employment Agreement.

154.     Defendants have alleged that the Grove Bags Employment Agreement is void.

155.     Grove Bags has fully complied with the Grove Bags Employment Agreement.

156.     Hermanowski has alleged that the Severance Agreement is void.

14

157.    Grove Bags has fully complied with the Severance Agreement.

158.    An actual controversy exists between Defendants and Grove Bags.

159.    Defendants have taken incorrect positions to damage Grove Bags.

160.    Defendants have taken incorrect positions to assist Calyx and Tatum.

161.    Grove Bags seeks a declaratory judgment declaring the following:  (1) The Grove Bags Employment Agreement is a valid and enforceable contract; (2) Grove Bags has fully complied with Defendants' Grove Bags Employment Agreements; (3) the Severance Agreement is a valid and enforceable contract; and (4) Grove Bags has fully complied with the Severance Agreement.

162.    Unless declaratory relief is issued, Grove Bags will be significantly damaged.

WHEREFORE, Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags demands judgment and relief against Defendants Chaz Hermanowski and Jacob Torrison as follows:

1.    Declaratory relief finding that the Grove Bags Employment Agreement is a valid and enforceable contract;

2.    Declaratory relief finding that Grove Bags has fully complied with Defendants' Grove Bags Employment Agreements;

3.    Declaratory relief finding that the Severance Agreement is a valid and enforceable contract;

4.    Declaratory relief finding that Grove Bags has fully complied with the Severance Agreement.

5.    Damages and all other relief, at law or equity, to which Grove Bags is entitled;

6.    Return of Hermanowski's severance payment;

7.    Exemplary damages against Defendants in an amount to be proven at trial;

8.      Reasonable attorneys' fees pursuant to the Employment Agreement, Severance

Agreement, Ohio statutory and common law;

9.      Costs incurred in prosecuting this action; and

10.     Any other appropriate relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Y. Timothy Chai (0092202)
**GORDON REES SCULLY MANSUKHANI, LLP**
127 Public Square, Suite 5130
Cleveland, Ohio 44114
T: (216) 302-2531
dcampbell@grsm.com
tchai@grsm.com

*Attorneys for Plaintiff*
*Kinzie Advanced Polymers, LLC*

## **<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury in this matter with the maximum number of jurors permitted by law.

s/ *David A. Campbell*
*Counsel for Plaintiff Kinzie Advanced Polymers,*
*LLC d/b/a Grove Bags*
