KINZIE ADVANCED POLYMERS, LLC, :
d/b/a Grove Bags, :
 :
  Plaintiff, :
 : Case No. 1:25-cv-1217-CEF
v. :
 : Judge Charles E. Fleming
CHAZ M. HERMANOWSKI, et al., :
 :
  Defendants. :

### PLAINTIFF'S RESPONSE TO THE EXTENSION AND THE CONFLICT ISSUE PURSUANT TO THE COURT'S ORDER OF SEPTEMBER 12, 2025

Pursuant to the Court's September 12, 2025 Order, Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags") hereby provides its response to the following issues: (1) The extension request filed by Defendant Jacob Mark Torrison ("Torrison"); and (2) Plaintiff's objections to Frantz Ward LLP (the "Firm") representing Torrison in this lawsuit.

As to the extension request, Grove Bags does not object to the extension. The only reason why Grove Bags would not consent to the request is due to Grove Bags' position that the Firm should not be involved in this lawsuit due to a conflict between the Firm and its former client, Grove Bags. Grove Bags advised Torrison's counsel that it did not want to consent to the Firm's involvement in this lawsuit by agreeing to an extension for Torrison. Grove Bags expected that the Firm would have Torrison file an extension request informing this Court that he found potential counsel, but conflict issues were being reviewed before the Firm made a formal appearance. However, the Firm decided not to discuss the issue with its former client and it instead made the filing and included its named partner on the pleadings to verify that it had no concerns with the conflict.

In fact, despite being told of the conflict issue, the Firm has not further explained its position on the conflict since the filing of the extension request. Based on the above, Grove Bags does not object to an extension for Torrison, but it does not want the extension to be construed by this Court that Grove Bags waives its conflict with the Firm.

## I.     THE FIRM HAS A CONFLICT WITH ITS FORMER CLIENT

As to the conflict issue, Grove Bags requests that this Court schedule a hearing to address the conflict. Grove Bags' founder and owner, Jack Grover, is currently out of the country and unable to obtain all of the relevant documents due to this fact. The following has been reviewed and approved by Mr. Grover.

### A.     Grove Bags Is A Fast Growing Cannabis Packaging Company.

Jack Grover founded Grove Bags in March of 2016. When Grove Bags was founded, it only employed Grover and a co-founder. Grove Bags employs approximately thirty employees as of this filing.

Grove Bags is a flexible packaging company that has products made to exacting specifications with exact manufacturing techniques to Grove Bags' designs to serve different agricultural markets. The primary agricultural market for Grove Bags is the cannabis market. Grove Bags is chiefly known for a revolutionary purpose design modified atmospheric film with special modifications that Grove Bags developed for the cannabis industry. This product is marketed to the cannabis industry as TerpLoc®, a cannabis film that is the first of its kind.

Due to the nature of its business, Grove Bags has worked closely with legal counsel since it was founded in order to protect its contractual relationships and trade secrets. The law firms have assisted Grove Bags with the following material issues: (1) Employment agreements with current employees; (2) consulting agreements with independent contractors; (3) patents and

intellectual property filings; and (4) release agreements with employees and contractors who leave Grove Bags to verify compliance with their contractual obligations post-termination.

**B.      The Firm Was Outside General Counsel For Grove Bags In 2019.**

Grove Bags has utilized outside law firms as its de facto general counsel since its inception. In 2018, Grove Bags was working with another major law firm in Cleveland until the Firm approached Grove Bags' owner in late 2018 regarding the Firm's cannabis knowledge and practice. The Firm advertises that it "boasts a distinguished practice in the cannabis space." The Firm's initial presentations to Grove Bags focused on its cannabis industry knowledge and its full service capabilities.

In May 2019, the Firm proposed that it would take over for Grove Bags' prior law firm and handle all legal issues "relating to ongoing employment/corporate/compliance work. . . ." The Firm also proposed a nationwide packaging and labeling review and matrix for Grove Bags to follow as it grew. The matrix addressed individual state laws and topics that are at issue in the pending litigation that the Firm now wants to handle adverse to Grove Bags.

Grove Bags accepted the Firm's offer and the Firm provided legal work for Grove Bags until October 31, 2019. The Firm acted as Grove Bags' outside general counsel from early 2019 until October 31, 2019. During 2019, the Firm provided day-to-day counseling, assisted on employment matters, handled release agreements, and it substituted as Grove Bags' intellectual property counsel. The Firm specifically advised on non-disclosure agreements, employment agreements, release agreements, employment matters, issues relating to product sales and intellectual property. The legal work included transferring all of Grove Bags' intellectual property filings from Grove Bags' former counsel. Finally, the promised matrix was completed by the Firm and it was utilized by Grove Bags.

The Firm's final communication sent to Grove Bags verifies that the Firm continues to retain Grove Bags' legal files – "We will retain these materials electronically for 10 years and the files will then be discarded/deleted at that time." In addition, the final communication verifies that the relationship began through the cannabis industry:

> Please know that I continue to be a supporter of both you and Grove Bags, and I am very grateful to know such an influential member of the national cannabis community. I have no doubt that you will continue to be an industry leader for years to come, and I look forward to watching your company grow in the future. Should there ever be an opportunity to earn back your trust, please do not hesitate to reach out.

(October 31, 2019 Email).

### C. **Torrison Worked For Grove Bags From 2020 To 2023.**

When the prior representation was raised with the Firm, counsel simply stated that this lawsuit was filed six years after the Firm's Grove Bags' representation ended. However, due to the nature of the litigation, the actual time period is much shorter. The Firm's new client was employed by Grove Bags beginning in 2020 – one year after the Firm's termination by Grove Bags. In addition, Torrison's allegations include issues relating to the Firm's legal work. Finally, it is evident that the Firm is working with Grove Bags' competitor who is party to three pending lawsuits involving Grove Bags.

The litigation between Torrison and Grove Bags arises out of a dispute between Grove Bags and Michael Ryan Tatum ("Tatum"), Torrison's former manager. Grove Bags filed a lawsuit against Tatum in October 2024 in this Court, Case No. 1:24-CV-1887 (the "Tatum Lawsuit"). The Tatum Lawsuit was filed after Grove Bags learned that Tatum was violating his Grove Bags'

employment agreement by working for Grove Bags' competitor. An injunction order has been issued in the Tatum Lawsuit requiring Tatum to comply with his Grove Bags' employment agreement.

Prior to the issuance of the injunction, Tatum filed a second lawsuit against Grove Bags in the United States District Court for the District of Colorado, Case No. 25-cv-01321-CYC (the "First Colorado Lawsuit"). This lawsuit was filed because Tatum testified in the injunction hearing that he was working with employees who he formerly managed, including Torrison, to assert claims against Grove Bags. Following the filing of this lawsuit, on June 20, 2025, Torrison joined the First Colorado Lawsuit through a Verified First Amended Complaint and Jury Demand.

The Tatum Lawsuit is also filed against Grove Bags' competitor, Calyx Containers, LLC ("Calyx"). Calyx is also enjoined by the Court in the Tatum Lawsuit. As to Colorado, Calyx is a party to the First Colorado Lawsuit and Calyx has filed a second Colorado lawsuit against Grove Bags, Case No. 1:25-cv-02642-RBJ (the "Second Colorado Lawsuit"). Torrison is identified as an individual in the Second Colorado Lawsuit that will support Calyx's claims against Grove Bags. Specifically, the complaint alleges that Torrison was discharged after he raised patent issues with Grove Bags. Torrison's allegations involve Grove Bags' sales procedures – an issue addressed in the Firm's matrix.

**D. <u>Grove Bags Can Meet The Three Part Disqualification Test</u>.**

The Ohio Rules of Professional Responsibility address the Firm's duties to Grove Bags, a former client of the Firm:

> Rule 1.9 Duties to Former Clients
> (a) Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client.

(Ohio Code Prof. Res. §1.9(a)).

The Ohio Supreme Court has long recognized that a party has the right to choose their counsel. *Kala v. Aluminum Smelting & Ref. Co.*, 81 Ohio St.3d 1, 5 (1998). Due to the right to choose counsel, disqualification of counsel is a "'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Id.* at 6 (*quoting Freeman v. Chicago Musical Instrument v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)).

To determine whether disqualificaition is appropriate, courts apply a three-part test: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney its seeks to disqualify; (2) the subject matter of those relationships was/is subsatantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 889 (6th Cir. 1990); *City of Cleveland v. Cleveland Electric Illuminating*, 440 F.Supp. 193, 207 (N.D. Ohio 1976), *aff'd*, 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978).

In this case, it is undisputed that Grove Bags can satisfy factor one – the Firm was Grove Bags' outside general counsel in 2019. In addition, Grove Bags can satisfy the second factor because the Firm's legal work for Grove Bags included legal advice on Grove Bags' non-competee agreements, Grove Bags' release agreements, and Grove Bags' intellectual property. The term substantially related is defined in the Ohio Rules of Professional Conduct:

> (n) Substantially related matter" denotes one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter.

(Ohio Code Prof. Res. §1.0(n)).

The Firm provided advice on issues that are directly relevant to Grove Bags' disputes with Torrison, Tatum, and Calyx. Specifically, the Firm advised on release agreements, non-compete agreements and intellectual property – all issues that are being challenged by Torrison, Tatum, and Calyx in the four lawsuits currently pending.

Finally, disqualification is proper because the Firm unquestionably obtained, and is retaining, Grove Bags' confidential business information and legal advice on topics directly related to the lawsuits involving Torrison. In fact, Grove Bags is concerned about the information that the Firm may have already shared with Torrison, Calyx, and/or Tatum relating to Grove Bags' employment agreements, release agreements and intellectual property.

## II.  CONCLUSION

Grove Bags does not object to the extension requested by Torrison. As to the conflict, Grove Bags respectfully requests that this Court schedule a hearing to hear evidence relating to the issue of whether Frantz Ward LLP is permitted to continue as counsel in this matter for Torrison.

<div style="margin-left:auto;">

Respectfully submitted,

*/s/ David A. Campbell_____*
David A. Campbell (0066494)
Timothy Chai (0092202)
**GORDON REES SCULLY MANSUKHANI**
127 Public Square, Suite 5130
Cleveland, Ohio 44114
T: (216) 302-2531
F: (216) 539-0026
dcampbell@grsm.com
tchai@grsm.com

*Attorneys for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*

</div>

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th of September, 2025, a true and accurate copy of the foregoing was served via email. In addition, the motion was electronically filed with the Court and served through the Court's online service process.

/s/David A. Campbell

*Attorney for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*