**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KINZIE ADVANCED POLYMERS, LLC, d/b/a Grove Bags, | : |
| Plaintiff, | : |
| | : Case No. 1:25-cv-1217-CEF |
| v. | : |
| | : Judge Charles E. Fleming |
| CHAZ M. HERMANOWSKI, et al., | : |
| Defendants. | : |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Pursuant to the Court's October 8, 2025, Order, Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags") hereby provides its response to the Court's Show Cause Order (the "Order"). As set forth below, this Court should either hold a hearing to address the conflicts of Frantz Ward LLP (the "Firm") or order Defendant Jacob Mark Torrison ("Torrison") to obtain alternative counsel.

**I.      INTRODUCTION**

To determine whether disqualification is appropriate, courts apply a three-part test: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney its seeks to disqualify; (2) the subject matter of those relationships was/is subsatantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 889 (6th Cir. 1990); *City of Cleveland v. Cleveland Electric Illuminating*, 440 F.Supp. 193, 207 (N.D. Ohio 1976), *aff'd*, 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978).

All three factors can be firmly proven by Grove Bags. The Firm was retained by Grove Bags to act as Grove Bags' outside legal counsel. In order to prepare for this important work, the

Firm obtained all of Grove Bags' legal files and the Firm represented that it was reviewing those files to become knowledgeable of Grove Bags' business, business procedures, and legal issues. The Firm was discharged for cause and it should not utilize Grove Bags' confidential information to assist Torrison, or the other entities and person who are adverse to Grove Bags in three other pending lawsuits.

## II. RELEVANT FACTS

Attached hereto as Exhibit 1 is the Declaration of Jack Grover. The Declaration confirms Grove Bags can meet all three prongs of the disqualification test.

### A. The Firm Retained Torrison Without Ever Discussing The Conflict With Grove Bags.

The Firm accepted the Torrison representation without advising Grove Bags. (Declaration of Jack Grover at 43 (hereinafter "Dec. Grover at __") (attached as Exhibit 1)). In fact, even after the conflict was raised, the Firm would not speak with Grove Bags' counsel about resolving the conflict dispute. (Dec. Grover at 43).

### B. Grove Bags Is The Leader In Cannabis Packaging.

Grove Bags is a Cleveland-based company that was founded in 2016. (Dec. Grover at 6). Grove Bags is the market leader in the cannabis industry for packaging products. (Dec. Grover at 8). Grove Bags created TerpLoc®, a cannabis film that is the first of its kind. (Dec. Grover at 12). Based on the superior quality of TerpLoc® and Grove Bags' sales procedures, Grove Bags is a leader in the cannabis industry with valuable contacts with all levels of the supply chain from growers to retailers. (Dec. Grover at 13).

### C. Torrison Is Part Of A Four Lawsuit, Multi-Lawsuit Conflict.

This lawsuit is the third of four lawsuits currently pending that involve Torrison. (Dec. Grover at 17-32). The four lawsuits involve Torrison, co-Defendant Chaz M. Hermanowski

("Hermanowski"), Michael Ryan Tatum ("Tatum"), and Grove Bags' competitor, Calyx Containers, LLC ("Calyx"). (Dec. Grover at 17-32).

Tatum managed Torrison and Hermanowski while they were employed at Grove Bags. (Dec. Grover at 21). Tatum was initially an independent contractor with Grove Bags beginning in 2020. (Dec. Grover at 18). Tatum then signed three employment agreements with Grove Bags as he managed Grove Bags' sales team. (Dec. Grover at 19). Tatum's employment with Grove Bags ended with a severance agreement in August 2023. (Dec. Grover at 20).

While still being paid severance, Tatum began to discuss employment with Calyx, Grove Bags' competitor. (Dec. Grover at 23). Neither Calyx nor Tatum advised Grove Bags of the relationship. (Dec. Grover at 24). Rather, in October 2024, Grove Bags learned of the relationship and a lawsuit was filed in this Court by Grove Bags against Tatum and Calyx in 2024, Case No. 1:24-cv-01887-SO (the "First Lawsuit"). (Dec. Grover at 24). The District Court Judge assigned to the First Lawsuit is District Court Judge Solomon Oliver, Jr. (Dec. Grover at 24).

Judge Oliver held a hearing on Grove Bags' preliminary injunction motion on May 22, 27, and 28, 2025. (ECF No. 56, pg. 1). (Dec. Grover at 25). In advance of the injunction hearing, Tatum and Calyx filed a second lawsuit in federal district court in Colorado against Grove Bags. (ECF No. 56, pg. 7). (Dec. Grover at 26). The case number for the second lawsuit filed in the United States District Court of Colorado is Case No. 1:25-cv-01321-CYC (the "Second Lawsuit"). (Dec. Grover at 26). The Second Lawsuit also addresses Tatum's contracts with Grove Bags. (Dec. Grover at 27).

This lawsuit was filed against Defendants because Tatum disclosed at the injunction hearing in the First Lawsuit that his two former subordinates were assisting him and Calyx in their competition against Grove Bags. (Dec. Grover at 28). Following the filing of this lawsuit, Tatum

3

and Calyx amended the Second Lawsuit to include claims against Grove Bags by Defendants. (Dec. Grover at 29).

Judge Oliver issued an injunction order on August 21, 2025. (ECF No. 56). (Dec. Grover at 30). The sixty-one page Order prohibits Tatum froom working for Calyx. (ECF No. 56, pgs. 60-61). (Dec. Grover at 30).

Following the issuance of the Order, Calyx filed a fourth lawsuit against Grove Bags in the United States District Court for Colorado (the "Fourth Lawsuit"). (Dec. Grover at 31). The Fourth Lawsuit is Case Number 1:25-cv-02642-RBJ. (Dec. Grover at 31). The Fourth Lawsuit is a compulsory counterclaim that should be filed in the First Lawsuit, but Calyx elected to file a second Colorado lawsuit against Grove Bags. (Dec. Grover at 31). Torrison is assisting Calyx in the Fourth Lawsuit and is Calyx's primary witness in the Fourth Lawsuit. (Dec. Grover at 32).

### D. **The Firm Was Grove Bags' Outside General Counsel In 2019.**

Based on the Firm's representations to Grove Bags while soliciting Grove Bags for legal work, the Firm does not typically represent individual employees against companies. (Dec. Grover at 69). Grove Bags expects the Firm is speaking with Calyx about a larger role in the litigation. (Dec. Grover at 45). (Dec. Grover at 69-80).

Grove Bags has utilized outside law firms as de facto general counsel since the company was founded. (Dec. Grover at 47-48). The Firm advertises it "boasts a distinguished practice in the cannabis space." (Dec. Grover at 49). The Firm's initial presentations to Grove Bags focused on its cannabis industry knowledge and its full-service capabilities. (Dec. Grover at 49). The Firm's solicitations included the Firm's capabilities in intellectual property, corporate issues, Cannabis sales, and employment matters. (Dec. Grover at 54).

The Firm's relationship with Grove Bags began on March 13, 2019. (Dec. Grover at 51 and Ex. B). Consistent with Grove Bags' outside general framework, the Firm was retained by Grove Bags to handle "ongoing employment/corporate/compliance work." (Dec. Grover at 52 and Ex. B). In addition, the Firm was retained "to prepare the packaging and labeling matrix." (Dec. Grover at 53 and Ex. B). The Firm's agreement was ultimately to act as Grove Bags' outside corporate counsel. (Dec. Grover at 55). In order to permit this to occur, the Firm obtained Grove Bags' files from its predecessor firm. (Dec. Grover at 55). These files included Grove Bags' intellectual property filings. (Dec. Grover at 55).

The Firm's relationship with Grove Bags ended for two reasons: (1) The Firm did not meet important deadlines on a distributor agreement; and (2) Grover believed the Firm did not properly handle an important independent contractor issue. (Dec. Grover at 56). Although the Firm billed Grove Bags for 27.6 hours, the actual time spent by the Firm on the Grove Bags' file should have been much more. (Dec. Grover at 57). The Firm represented to Grove Bags that the Firm was reviewing Grove Bags' legal files, including the intellectual property filings, in order to provide outside general counsel services. (Dec. Grover at 57). The legal relationship was meant to be long-term and the Firm represented that much of this work was being performed without billing Grove Bags (Dec. Grover at 57).

Finally, the Firm's work on the independent contractor termination was similar to the issues in this matter. (Dec. Grover at 59). The independent contractor was providing services to Grove Bags relating to potential leads in the Cannabis industry. (Dec. Grover at 60). The contractor not only had to supply complete leads, but also databases that permitted Grove Bags to access over 50,000 Cannabis industry leads. (Dec. Grover at 60). The relationship was ending

and the Firm was tasked with protecting Grove Bags' trade secrets, company property, and preventing the contractor from damaging Grove Bags post-relationship. (Dec. Grover at 60).

The Firm's final communication sent to Grove Bags verifies that the Firm continues to retain Grove Bags' legal files – "We will retain these materials electronically for 10 years and the files will then be discarded/deleted at that time." (Dec. Grover at 68). In addition, the final communication verifies that the relationship began through the cannabis industry: "Please know that I continue to be a supporter of both you and Grove Bags, and I am very grateful to know such an influential member of the national cannabis community. I have no doubt that you will continue to be an industry leader for years to come, and I look forward to watching your company grow in the future. Should there ever be an opportunity to earn back your trust, please do not hesitate to reach out." (Dec. Grover at Exhibit A).

### E. Grove Bags Will Be Prejudiced If The Firm Is Permitted To Be Adverse To Grove Bags In These Lawsuits.

The prejudice to Grove Bags if the Firm is permitted to represent Torrison and potentially other parties in this litigation is set forth in the attached Declaration. (Dec. Grover at 69-79). Torrison is involved in three lawsuits against Grove Bags and the Firm's prior work with Grove Bags will greatly benefit Torrison and harm Grove Bags. (Dec. Grover at 29 and 32).

### III. ARGUMENT

#### A. Grove Bags Can Meet The Three Part Disqualification Test.

The Parties agree on the standard that should be applied to the disqualification issue. The Ohio Rules of Professional Responsibility address the Firm's duties to Grove Bags, a former client of the Firm:

6

> Rule 1.9 Duties to Former Clients
>
> (a) Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client.

(Ohio Code Prof. Res. §1.9(a)).

The Ohio Supreme Court has long recognized that a party has the right to choose their counsel. *Kala v. Aluminum Smelting & Ref. Co.*, 81 Ohio St.3d 1, 5 (1998). Due to the right to choose counsel, disqualification of counsel is a "'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Id.* at 6 (*quoting Freeman v. Chicago Musical Instrument v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)).

To determine whether disqualificaition is appropriate, courts apply a three-part test: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney its seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mut.*, 900 F.2d 882, 889 (6th Cir. 1990); *City of Cleveland v. Cleveland Electric Illuminating*, 440 F.Supp. 193, 207 (N.D. Ohio 1976), *aff'd*, 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978).

### B. **Grove Bags Can Meet All Three Of The Factors.**

The Firm should not be permitted to continue in this case because Grove Bags can meet all three fators. It is undisputed that Grove Bags can satisfy factor one – the Firm was Grove Bags' outside general counsel in 2019. (Dec. Grover at 73); *Dana Corp.*, 900 F.2d at 889. The Parties do not dispute this factor.

7

For factor three, the Firm cannot dispute that it acquired confidential information from the party seeking disqualification. The Firm obtained all of Grove Bags' legal files, including Grove Bags' intellectual property filings. (Dec. Grover at 58 and 65). In addition, the Firm worked with Grove Bags on intellectual property, independent contractor issues, and other matters in 2019. (Dec. Grover at 37). Finally, the Firm continues to retain Grove Bags' files. (Dec. Grover at Ex. A). Accordingly, Grove Bags can meet factor three. *Dana Corp.*, 900 F.2d at 889.

Finally, for factor two, as Grove Bags' outside general counsel hired to handle all types of legal matters, the Firm cannot argue its representation did not involve the same subject matter as the issues presented in the four lawsuits. *Dana Corp.*, 900 F.2d at 889. The term substantially related is defined in the Ohio Rules of Professional Conduct:

> (n) Substantially related matter" denotes one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter.

(Ohio Code Prof. Res. §1.0(n)).

The Firm argues it was simply performing "routine" tasks and it simply has general knowledge of Grove Bags. (ECF No. 9, pg. 5). To the contrary, the independent contractor issue involves many of the same issues as this lawsuit – confidential information and the potential for a former employee or contractor to use that information to damage Grove Bags. (Dec. Grover at 60). Moroever, the Firm promised to review Grove Bags' legal files in order to be proactive in legal advice. (Dec. Grover at 58). It is difficult to see how an outside general counsel can simply accept adverse representation without any communications with the former client. (Dec. Grover at 71).

The Firm provided advice on issues that are directly relevant to Grove Bags' disputes with Torrison, Tatum, and Calyx. Specifically, the Firm advised on release agreements, non-compete agreements and intellectual property – all issues that are being challenged by Torrison, Tatum, and Calyx in the four pending lawsuits.

Finally, disqualification is proper because the Firm unquestionably obtained, and is retaining, Grove Bags' confidential business information and legal advice on topics directly related to the lawsuits involving Torrison. In fact, Grove Bags is concerned about the information that the Firm may have shared with Torrison, Calyx, and/or Tatum relating to Grove Bags' employment agreements, release agreements and intellectual property.

## IV.     CONCLUSION

Grove Bags respectfully requests this Court to schedule a hearing on the evidence regarding the issue of whether Frantz Ward LLP is permitted to continue as counsel in this matter for Torrison.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Timothy Chai (0092202)
**GORDON REES SCULLY MANSUKHANI**
127 Public Square, Suite 5130
Cleveland, Ohio 44114
T: (216) 302-2531
F: (216) 539-0026
dcampbell@grsm.com
tchai@grsm.com

*Attorneys for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st of October, 2025, a true and accurate copy of the foregoing was served via email.  In addition, the motion was electronically filed with the Court and served through the Court's online service process.

                                            */s/David A. Campbell*
                                            *Attorney for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*