IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KINZIE ADVANCED POLYMERS, LLC,** | ) CASE NO. 1:25-cv-01217-CEF |
| *Plaintiff*, | ) |
| | ) JUDGE Charles E. Fleming |
| v. | ) |
| | ) **DEFENDANT JACOB MARK** |
| **CHAZ M. HERMANOWSKI,** *et al.*, | ) **TORRISON'S REPLY TO** |
| | ) **PLAINTIFF'S RESPONSE TO** |
| *Defendants*. | ) **ORDER TO SHOW CAUSE** |
| | ) |

Pending before the Court is Plaintiff Advanced Polymers, LLC's ("Plaintiff") Initial Conflict Issue Brief (ECF #7), Defendant Jacob Mark Torrison's ("Defendant") Initial Reply (ECF #9), Plaintiff's supplemental Response to Order to Show Cause (ECF #12), and Defendant's supplemental Reply (ECF #13).

As demonstrated in Defendant's Initial Reply, and now further evidenced in Plaintiff's supplemental Response to Order to Show Cause, there is no ethical conflict between Plaintiff and Frantz Ward. The only issue even potentially in dispute is whether this case is substantially related to Frantz Ward's prior representation - which it is not. Plaintiff's purported stature in the cannabis industry, and its other pending litigation also have no bearing on this matter. Plaintiff's attempt to disqualify Frantz Ward should be rejected, as it is nothing more than an attempt to "throw-as-much-mud-against-the-wall-as-you-can-and-hope-some-of-it-sticks." *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1158 (10th Cir. 1991).[1]

---

[1] Plaintiff's baseless accusation that Frantz Ward's attorneys are inappropriately sharing Grove Bags' confidential information is improper and appears to violate Plaintiff's duty of candor to the Court. Submissions to the Court "are not meant to be an avenue through which attorneys, clients, and witnesses can simply emote, let off steam, or otherwise sling mud at an adversary." *Boswell v. Gumbaytay*, 2009 U.S. Dist. LEXIS 46003, *6, *quoting Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1325 (11th Cir. 2002),

Indeed, despite Plaintiff's repeated claims that Frantz Ward provided extensive, day to day outside general counseling advice, Plaintiff has fundamentally failed to provide any evidence to support that assertion. Instead, Plaintiff only provided a declaration that completely undermines its initial position and two emails, one initiating the attorney client relationship, and another ending it. (Plaintiff's Response to Order to Show Cause, ECF #12, PageID #156-68).

As previously stated, Plaintiff's latest declaration completely undermines one of the original bases for Plaintiff's ethical objection – *and one of the foundations of this very lawsuit*. Indeed, Plaintiff's Initial Conflict Issue Brief to this Court stated:

> In May 2019, the Firm proposed that it would take over for Grove Bags' prior law firm and handle all legal issues "relating to ongoing employment/corporate/compliance work. . . ." The Firm also proposed a nationwide packaging and labeling review and matrix for Grove Bags to follow as it grew. **The matrix addressed individual state laws and topics that are at issue in the pending litigation that the Firm now wants to handle adverse to Grove Bags.**
>
> \*\*\*
>
> **Finally, the promised matrix was completed by the Firm and it was utilized by Grove Bags.**

(Plaintiff's Initial Conflict Issue Brief, ECF #7, PageID #106) (emphasis added).[2]

In response to Frantz Ward's unequivocal sworn statement that such Matrix was *never prepared or provided,* Plaintiff's CEO, Jack Grover, confirmed that he has no basis to disagree with that fact. In this regard, Mr. Grover's declaration expressly states:

> 66. Finally, **I believed the matrix was completed by the Firm, but I cannot locate it in my files. Tom says that we discussed the matrix, but the work was not completed** due to the end of the Firm's relationship with Grove Bags.

---

[2] Plaintiff's Initial Conflict Issue Brief expressly stated, "As to the conflict issue, Grove Bags requests that this Court schedule a hearing to address the conflict. Grove Bags' founder and owner, Jack Grover, is currently out of the country and unable to obtain all of the relevant documents due to this fact. **The following has been reviewed and approved by Mr. Grover.**"

2

> 67. **I cannot disagree with this statement**, but the discussions regarding the matrix were in depth and the Firm had knowledge of Grove Bags' marketing efforts, advertisements and distribution channels. These issues are highly relevant to all four lawsuits involving Calyx, Tatum and the Defendants.

(Plaintiff's Response to Order to Show Cause, ECF #12, PageID #163) (emphasis added).[3]

It is simply improper to file a lawsuit on a premise that does not exist, let alone assert an ethical objection against the lawyers defending the case on the same grounds. Plaintiff's CEO's unsupported beliefs and thoughts do not create an ethical conflict warranting the extreme sanction of disqualifying Frantz Ward from representing Mr. Torrison.

Plaintiff's additional attempts to demonstrate an ethical conflict are equally as specious. First, Frantz Ward did speak with Plaintiff's counsel regarding the potential conflict issue. Plaintiff's counsel simply refused to recognize the absence of any conflict. There is no duty or responsibility to continue to engage in the same unconstructive discussion. Moreover, Frantz Ward's 2019 representation which involved resolving an independent contractor dispute cannot be reasonably imputed to the situation involving Mr. Torrison. Claims being raised in other lawsuits – to which Frantz Ward is not involved – also have no bearing on its representation in this matter. Finally, and as specifically demonstrated in Defendant's Initial reply, the "substantially related" requirement is not satisfied where there is only some minimal reference or connection between the matters raised in the prior representation and the current dispute. As Mr. Haren explained in his sworn affidavit, the firm did not assist with the creation of any intellectual property or patent

---

[3] Plaintiff's CEO's belief that the matrix was completed is also contradicted by his own correspondence. On May 29, 2019, he specifically stated that he was "Not yet at the point where I want to put the state compliance guide out there." Exhibit 1. Mr. Grover then didn't raise the compliance guide issue again until July 2, 2019. Exhibit 2. Thereafter, Mr. Grover never expressly agreed to payment for the Matrix, thus the work was not initiated. On August 26, 2019, he ended the attorney client relationship on all matters, but for a situation involving an independent contractor. *See* Tom Haren Affidavit, ¶9(i); Exhibit 3. There is no basis for Mr. Grover's belief.

related matters (such representation was primarily trademark office deadline extensions), and did not receive any client list(s), sales strategies, or other marketing analyses from Grove Bags. Tom Haren Affidavit, ¶9(f),(h).[4]

For the reasons demonstrated in Defendant's Initial Reply, and as further demonstrated here, Frantz Ward should not be disqualified from representing Mr. Torrison, and Plaintiff has not demonstrated otherwise. Plaintiff's ethical objection should be rejected, and Frantz Ward should be permitted to proceed with representing Mr. Torrison in this matter. Mr. Torrison should likewise be permitted ample opportunity to respond to the Complaint, given the considerable amount of time and resources expended on responding to Plaintiff's allegations.

/s/ *Jonathan M. Scandling*
Michael J. Frantz Jr. (#0088620)
Jonathan M. Scandling (#0093905)
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio  44114
(T) 216-515-1660
(F) 216-515-1650
mjfrantzjr@frantzward.com
jscandling@frantzward.com

*Attorneys for Defendant Jacob Mark Torrison*

---

[4] To be clear, the firm does not dispute that Plaintiff's *prior* files were transferred. The firm disputes how the possession of those files, which are primarily trademark related information and template documents, are substantially related to Mr. Torrison. Plaintiff has not articulated or demonstrated any rationale explaining such connection.

4

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Defendant Jacob Mark Torrison's Reply to Plaintiff's Response to Order to Show Cause* was filed with the Court electronically on November 4, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    */s/ Jonathan M. Scandling*
Michael J. Frantz Jr. (#0088620)
mjfrantzjr@frantzward.com
Jonathan M. Scandling (#0093905)
jscandling@frantzward.com
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Ph: (216) 515-1660
Fax: (216) 515-1650

*Attorneys for Defendant Jacob Mark Torrison*