**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KINZIE ADVANCED POLYMERS, LLC,   ) | |
|   ) | |
| *Plaintiff,*   ) | |
|   ) | |
| v.   ) | CASE NO. 1:25-cv-01217-CEF |
|   ) | |
| CHAZ M. HERMANOWSKI, *et al.,*   ) | |
|   ) | |
| *Defendants.*   ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JACOB MARK TORRISON'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK**
**OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH**
**<u>RELIEF CAN BE GRANTED</u>**

<strong><span style="font-variant:small-caps">Table of Contents</span></strong>

<span style="font-variant:small-caps">Table of Contents</span> ........................................................................................................... i

<span style="font-variant:small-caps">Table of Authorities</span> .................................................................................................. iii

<span style="font-variant:small-caps">Summary of the Allegations</span> ....................................................................................... 1

<span style="font-variant:small-caps">Statement of the Issues to Be Decided</span> ...................................................................... 2

<span style="font-variant:small-caps">Summary of the Argument</span> .......................................................................................... 2

<span style="font-variant:small-caps">Argument</span> ........................................................................................................................ 3

I.  **Plaintiff's *Amended Complaint* Should Be Dismissed as Against Mr. Torrison for Lack of Personal Jurisdiction** ........................................................................ 3

    A.  **Mr. Torrison Has Not Waived the Defense of Lack of Personal Jurisdiction** ......................................................................................... 3

    B.  **This Court's Exercise of Personal Jurisdiction Over Mr. Torrison Does Not Comport with Due Process** .................................................... 5

        1.  *Mr. Torrison did not purposely avail himself of acting in Ohio* ......... 7

        2.  *Plaintiff's causes of action result from Mr. Torrison's alleged activities outside Ohio* ......................................................................... 10

        3.  *Mr. Torrison's alleged acts do not have a substantial enough connection to Ohio to make the exercise of personal jurisdiction reasonable* ................................................................................................ 11

II.  **Plaintiff's *Amended Complaint* Should Be Dismissed as Against Mr. Torrison for Failure to State a Claim Upon Which Relief Can Be Granted** ........................... 12

    A.  **At the Pleading Stage, Grove Bags is Required to Allege Facts Establishing a Plausible Entitlement to Relief** ........................................... 12

    B.  **Plaintiff's Complaint Fails to Plausibly Allege Any Misconduct Giving Rise to a Cognizable Claim for Relief** ......................................................... 12

        1.  *Grove Bags fails to plausibly allege that Mr. Torrison breached his agreement with Grove Bags* ................................................................... 12

i

2.      *Grove Bags fails to allege a plausible claim for trade secret misappropriation by Mr. Torrison*......................................................14

3.      *Grove Bags fails to plausibly allege that Mr. Torrison tortiously interfered with any economic, contractual, or business relations* ....17

4.      *Grove Bags' civil conspiracy claim should be dismissed* ..................18

5.      *Grove Bags' declaratory judgment claim should be dismissed* .........19

**CONCLUSION** .....................................................................................................................19

## TABLE OF AUTHORITIES

**STATUTES**

R.C. 1333.67(A)........................................................................................................................19

R.C. 2307.382 ...........................................................................................................................6

**COURT RULES**

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 12, 14

**JUDICIAL OPINIONS**

*A.B. Pratt & Co. v. Bridgeport Group, LLC*,
  2023 WL 2865640 (N.D.Ohio Apr. 10, 2023)...................................................................14, 15

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*,
  480 U.S. 102 (1987)...............................................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..............................................................................................................12

*Baker v. Bensalz Productions, Inc.*,
  480 F.Supp.3d 792 (S.D.Ohio 2020) .............................................................................8, 10, 11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...............................................................................................................6

*Calphalon Corp. v. Rowlette*,
  228 F.3d 718 (6th Cir. 2000) ..............................................................................................7, 8, 9

*ChampionX, LLC v. Resonance Systems, Inc.*,
  726 F.Supp.3d 786 (E.D.Tenn. 2024).................................................................................13, 17

*Chulsky v. Golden Corral Corp.*,
  583 F.Supp.3d 1059 (S.D.Ohio 2022) ....................................................................................7

*Collar Jobs, LLC v. Stocum*,
  2022 WL 17340456 (N.D.Ohio Nov. 30, 2022).......................................................................14

iii

*Condon v. Flying Puck, LLC*,
    35 Fed.Appx. 173 (6th Cir. 2002)......................................................................................8

*Delta Media Group, Inc. v. Kee Group, Inc.*,
    2007 WL 3232432 (N.D.Ohio Oct. 31, 2007) ..............................................................5, 7

*Elsevier Inc. v. Doctor Evidence, LLC*,
    2018 WL 557906 (S.D.N.Y. Jan. 23, 2018) ...................................................................15

*Eren v. Summit Managed Sols., LLC*,
    2024 WL 2273388 (N.D.Ohio Mar. 15, 2024) ................................................................6

*Filtrexx Intern., LLC v. Truelsen*,
    2013 WL 587582 (N.D.Ohio Feb. 13, 2013).................................................................9, 10

*FIMCO Services, LLC v. FirstMerit Bank, N.A.*,
    2010 WL 5184885 (E.D.Tenn. Dec. 15, 2010)................................................................4

*Fritz v. Charter Tp. of Comstock*,
    592 F.3d 718 (6th Cir.2010) .........................................................................................12

*G & G LLC v. White*,
    535 F.Supp.2d 452 (D.Del. 2008).................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011).......................................................................................................6

*Grado v. Med., Indus., & Sci. Products Corp.*,
    2025 WL 2227879 (S.D.Ohio Aug. 5, 2025)...............................................................6

*Ingenium Techs. Corp. v. Beaver Aerospace & Defense, Inc.*,
    122 F.Supp.3d 683 (E.D.Mich. 2015)..........................................................................4

*Intera Corp. v. Henderson*,
    428 F.3d 605 (6th Cir. 2005) .....................................................................................9, 11

*Intl FCStone Markets, LLC v. Intercambio Mexicano de Comercio S.A. de C.V.*,
    2021 WL 1893630 (S.D.N.Y. May 11, 2021) ...........................................................13

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945).......................................................................................................6

iv

*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011)................................................................................7

*Jackson v. Cleveland Clinic Found.*,
    2011 WL 4007732 (N.D.Ohio Sept. 9, 2011)........................................13

*Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*,
    176 F.3d 904 (6th Cir. 1999) ................................................................19

*Kent Group Partners, LLC v. Citizens Bank, Natl. Assn.*,
    688 F.Supp.3d 608 (N.D.Ohio 2023)....................................................18

*Kinzie Advanced Polymers, LLC v. Calyx Containers, LLC*,
    2025 WL 2418908 (N.D.Ohio Aug. 21, 2025)....................................5, 19

*Maclin v. Reliable Reports of Texas, Inc.*,
    314 F.Supp.3d 845 (N.D.Ohio 2018)......................................................7

*Mettler-Toledo, Inc. v. B&B Elec, Inc.*,
    2019 WL 1649321 (S.D. Ohio Apr. 17, 2019) .......................................18

*Multilink Inc. v. Pignolet*,
    774 F.Supp.3d 905 (N.D.Ohio 2024)...........................................15, 16, 18

*Preferred Capital, Inc. v. Assoc. in Urology*,
    453 F.3d 718 (6th Cir. 2006) .................................................................3

*Premier Automation Contactors, Inc. v. Pinney*,
    2020 WL 13577554 (E.D.Mich. Apr. 30, 2020)......................................9

*Pritchard v. Thompson*,
    2023 WL 5817658 (W.D.Tenn. Aug. 3, 2023).......................................17

*Republic Credit Corp. I v. Rance*,
    172 F.Supp.2d 1178 (S.D.Iowa 2001) ....................................................4

*Rosenthal & Rosenthal, Inc. v. Green*,
    1992 WL 184343 (D.N.J. July 6, 1992)..................................................5

*Safelite Group, Inc. v. Lockridge*,
    2022 WL 195098 (S.D.Ohio Jan. 21, 2022) ...........................................6

*Simonoff v. Expedia, Inc.*,
    643 F.3d 1202 (9th Cir.2011) ...............................................................................4

*Southern Machine Co. v. Mohasco Indus., Inc.,*
    401 F.2d 374 (6th Cir.1968) ..................................................................................7

*State ex rel. The Plain Dealer v. Ohio Dep't of Ins.*,
    80 Ohio St. 3d 513 (1997)....................................................................................15

*Stericycle, Inc. v. Carney*,
    2013 WL 3671288 (N.D.Ill. July 12, 2013).........................................................14

*Third Nat'l Bank in Nashville v. WEDGE Group, Inc.,*
    882 F.2d 1087 (6th Cir.1989) ................................................................................7

*Walden v. Fiore*,
    571 U.S. 277 (2014)................................................................................................8

*Wilkey v. Hull*,
    366 Fed.Appx. 634 (6th Cir. 2010).......................................................................18

*World–Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)................................................................................................6

*Young v. Columbus Life Ins. Co.*,
    2025 WL 2781300 (S.D.Ohio Sept. 30, 2025) .....................................................19

## SUMMARY OF THE ALLEGATIONS[1]

Plaintiff Grove Bags is an Ohio limited liability company specializing in packaging products for the cannabis industry. *See Am. Compl.* (Doc. #: 22) at ¶¶ 1-5, 47-48. Defendant Jacob Mark Torrison ("Mr. Torrison") is a citizen of the State of Colorado who was formerly employed by Grove Bags. *Id.* at ¶¶ 10, 21.

Mr. Torrison entered into an Employment Agreement with Grove Bags on or about January 1, 2022. *See Employment Agmt.* (Doc #: 22-2). Mr. Torrison's employment with Grove Bags was terminated by the company effective April 7, 2023. *See Termination Ltr.* (Doc #: 22-4). During his tenure with Grove Bags, Mr. Torrison worked exclusively out-of-state and only occasionally came to Ohio at Grove Bags' specific direction for training, retreats, and holiday parties. *Declaration of Jacob Mark Torrison* ("*Torrison Dec.*") at ¶¶ 11-13. Mr. Torrison did not serve any Ohio based customers or work with Ohio-based vendors. *Id.* at ¶ 12. Grove Bags alleges that, during his employment, Mr. Torrison had access to various categories of "confidential information." *Am. Compl.* (Doc #: 22) at ¶ 84-86. Beyond providing a cursory description of this information at a high level of generality, Plaintiff offers no further detail regarding what this information consisted of. *See id.*

Following Mr. Torrison's termination, Plaintiff alleges that another former Grove Bags employee (and non-party to this case) Michael Ryan Tatum ("Mr. Tatum") began to provide services to one of Grove Bags' competitors, Calyx Containers ("Calyx"), in violation of Mr. Tatum's Employment Agreement with Grove Bags. *Am. Compl.* (Doc #: 22) at ¶ 106-107. Grove Bags alleges that Mr. Torrison and co-Defendant Chaz Hermanowski have disclosed

---

[1] For purposes of Fed. R. Civ. P. 12(b)(6), the Court is required to accept any well-pleaded factual allegations as true. Mr. Torrison does not admit to any of Plaintiff's allegations. Mr. Torrison reserves the right to dispute any of Plaintiffs' allegations in the event he is required to answer those allegations.

1

(unspecified) "trade secrets," as well as (unspecified) "confidential information" to Tatum and Calyx to assist Tatum and Calyx in pending litigation against Grove Bags. *Id.* at ¶¶ 125-28. Plaintiff does not allege what "trade secrets" or "confidential information" Mr. Torrison allegedly "shared," how he "shared" it, or when he "shared" it. While Plaintiff also alleges that "Defendants" have "disparaged" Grove Bags, the *Amended Complaint* does not state what Mr. Torrison specifically said or wrote about Plaintiff, beyond claiming that "Torrison has misrepresented facts regarding Grove Bags marketing efforts." *Id.* at ¶¶ 133-37. Despite this lack of detail, Grove Bags claims that it will suffer "irreparable harm" and demands unspecified damages in excess of $25,000. *See id.* at ¶¶ 149-50.

## STATEMENT OF THE ISSUES TO BE DECIDED

(1)     Whether this Court may exercise personal jurisdiction over Mr. Torrison, a citizen of the State of Colorado, based solely on his prior contractual relationship with Grove Bags, an Ohio limited liability company.

(2)     Whether Grove Bags has sufficiently alleged operative facts to state plausible claims against Mr. Torrison for breach of contract, trade secret misappropriation, tortious interference with business/employment relations, civil conspiracy, and/or declaratory judgment.

## SUMMARY OF THE ARGUMENT

(1)     No. Mr. Torrison is a citizen and resident of the State of Colorado. Mr. Torrison's only link with Ohio is his prior (out-of-state) employment with Grove Bags, an Ohio limited liability company. Because entering into a contract with an Ohio citizen is insufficient to establish purposeful availment, and none of the acts or omissions alleged in Plaintiff's *Amended Complaint* occurred in Ohio, it is not reasonable for this Court to exercise personal jurisdiction over Mr. Torrison. Moreover, Mr. Torrison did not consent to the jurisdiction of this Court by

2

signing an Employment Agreement providing for venue in "courts *of* the State of Ohio," which does not include federal courts sitting *in* Ohio.

(2)     No. Grove Bags' *Complaint* does nothing more than speculate that Mr. Torrison has breached contractual obligations, misappropriated unspecified "trade secrets," interfered with business relationships, and conspired with third parties. Because Plaintiff has failed to plead any facts that would render its allegations against Mr. Torrison at least plausible, it has failed to state a claim upon which relief can be granted.

**ARGUMENT**

**I.**     **Plaintiff's *Amended Complaint* Should Be Dismissed as Against Mr. Torrison for Lack of Personal Jurisdiction.**

**A.     Mr. Torrison Has Not Waived the Defense of Lack of Personal Jurisdiction.**

To begin with, Plaintiff's *Amended Complaint* as against Mr. Torrison should be dismissed for lack of personal jurisdiction. Prior to addressing the merits of this argument, Mr. Torrison will address Plaintiff's position that he has waived the defense of lack of personal jurisdiction by entering into his Employment Agreement with Grove Bags.

It is well-settled that personal jurisdiction is "a waivable right and there are a variety of legal arrangements whereby litigants may consent to the personal jurisdiction of a particular court system." *Preferred Capital, Inc. v. Assoc. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006). Specifically, "[t]he use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the jurisdiction *of a particular court*." *Id.* (emphasis added).

In this case, Plaintiff's *Amended Complaint* alleges that Mr. Torrison consented to the personal jurisdiction of this Court by executing his Employment Agreement with Grove Bags. *See Am. Compl.* (Doc 22, PageID #: 239). In pertinent part, Section 16 of that Agreement provides, "Any suit involving any dispute or matter arising under this Agreement may only be

3

brought *in the courts of the State of Ohio, in Cuyahoga County*. Employee hereby consents to the exercise of personal jurisdiction *by any such court* with respect to any such proceeding." *Employment Agmt.* (Doc #: 22-2) (emphasis added). To the extent this language waived Mr. Torrison's personal jurisdiction defense, it only applies to Ohio state courts sitting in Cuyahoga County—not to the U.S. District Court for the Northern District of Ohio.

As explained by the Eastern District of Michigan in *Ingenium Techs. Corp. v. Beaver Aerospace & Defense, Inc.*, contract clauses referring to the courts "of" a state refer *exclusively to state courts*, whereas references to courts "in" a state refer to both federal and state tribunals:

> A forum selection clause referring to "courts in" a state imposes a geographic limitation, not one of sovereignty. The word "in" means to "express relation of presence, existence, situation, inclusion; inclosed or surround by limits, as in a room." Hence the phrase "courts in" a state includes any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state. In short, a forum selection clause that specifies "courts of" a state limits jurisdiction to state courts, but specification of "courts in" a state includes both state and federal courts.

122 F.Supp.3d 683, 687 (E.D.Mich. 2015) (*quoting Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205–06 (9th Cir.2011)); *see also FIMCO Services, LLC v. FirstMerit Bank, N.A.*, 2010 WL 5184885, *4 (E.D.Tenn. Dec. 15, 2010) ("[…], those courts that have addressed the issue have found that a clause that specifies 'the courts of' a state *to exclude the federal courts of that state*, […].") (emphasis added).

The same logic applies to any purported waiver of personal jurisdiction. By consenting to the personal jurisdiction of the "courts of the State of Ohio," Mr. Torrison did not consent to the jurisdiction of this Court. *See, e.g.*, *G & G LLC v. White*, 535 F.Supp.2d 452, 464 (D.Del. 2008) ("Under the plain language of the agreement, the Director defendants consented only to the jurisdiction of the Chancery Court of the State of Delaware, not this court's jurisdiction."); *Republic Credit Corp. I v. Rance*, 172 F.Supp.2d 1178, 1183 (S.D.Iowa 2001) ("Mr. Rance

4

consented to the jurisdiction of the courts of Warren County, Iowa, not any other courts in Iowa, including this one."); *Rosenthal & Rosenthal, Inc. v. Green*, 1992 WL 184343, *2 n.1 (D.N.J. July 6, 1992) ("Plaintiff also argues that defendants waived their right to object to this court's assertion of personal jurisdiction over them when they allegedly executed the guarantees. This argument lacks merit because, pursuant to the guarantees, defendants consented only to the jurisdiction of the Supreme Court of the State of New York, not to the jurisdiction of this court."). This Court should therefore consider Mr. Torrison's personal jurisdiction arguments on the merits.[2]

### B. This Court's Exercise of Personal Jurisdiction Over Mr. Torrison Does Not Comport with Due Process.

Having disposed of Plaintiff's waiver argument, the Court should turn to the merits of Mr. Torrison's personal jurisdiction defense. "To assert personal jurisdiction over a defendant, a federal court sitting in either diversity or federal question jurisdiction must find that (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) exercise of personal jurisdiction would not deny the defendant due process." *Delta Media Group, Inc. v. Kee Group, Inc.*, 2007 WL 3232432, *2 (N.D.Ohio Oct. 31, 2007). "The Court may, however, begin its inquiry by examining the relevant Due Process considerations, recognizing that a defect of this type would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would otherwise permit it." *Id.* Accordingly,

---

[2] Defendant is aware that Judge Solomon Oliver found a waiver of personal jurisdiction in a recent case involving an identical forum selection clause contained in another Grove Bags employment agreement. *See Kinzie Advanced Polymers, LLC v. Calyx Containers, LLC*, 2025 WL 2418908, *11-13 (N.D.Ohio Aug. 21, 2025). However, the parties to that case do not appear to have briefed or argued the question of whether a forum selection clause consenting to the jurisdiction "*of*" courts of a certain state extends to federal district courts "*in*" that state. Nor did Judge Oliver address this distinction in his decision. Accordingly, Judge Oliver's decision in the *Calyx* lawsuit does not resolve the argument presented by Mr. Torrison in this *Motion*.

Mr. Torrison will analyze whether this Court's exercise of jurisdiction over him comports with constitutional due process requirements.[3]

The Due Process prong of the analysis turns on whether a defendant's "minimum contacts" with the forum state establish that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks omitted). These minimum contacts must arise from " 'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws.' " *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.,* 480 U.S. 102, 109 (1987) (*quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). In other words, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

"The Due Process Clause of the Fourteenth Amendment recognizes two types of personal jurisdiction—general and specific—either one of which is adequate to confer jurisdiction over a defendant." *Safelite Group, Inc. v. Lockridge*, 2022 WL 195098, *3 (S.D.Ohio Jan. 21, 2022) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction exists over a defendant when his "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the

---

[3] Previously, it would have been necessary to separately analyze personal jurisdiction under Ohio's long-arm statute, R.C. 2307.382. However, this statute has been amended to extend personal jurisdiction to the limits of the U.S. Constitution. *See* R.C. 2307.382(C). Accordingly, a separate long-arm analysis is no longer necessary. *See Grado v. Med., Indus., & Sci. Products Corp.*, 2025 WL 2227879, *7 (S.D.Ohio Aug. 5, 2025) ("This Court agrees and finds that the plain language of this update makes Ohio's long-arm statute coterminous with the limits of the federal Due Process Clause."); *Eren v. Summit Managed Sols., LLC*, 2024 WL 2273388, *1 (N.D.Ohio Mar. 15, 2024) ("under Ohio law, the propriety of personal jurisdiction turns solely on the constitutional analysis.").

defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989). In this case, Grove Bags cannot argue that this Court has general jurisdiction over Mr. Torrison. After all, Plaintiff specifically alleges that Mr. Torrison is a citizen of the State of Colorado, *see Am. Compl.* (Doc #: 22) at ¶ 21, and "[t]ypically, as to individuals, general jurisdiction exists only in the state in which the party resides." *Chulsky v. Golden Corral Corp.*, 583 F.Supp.3d 1059, 1071 (S.D.Ohio 2022); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter.").

Alternatively, "[s]pecific jurisdiction exists when a plaintiff's claims arise out of or relate to a defendant's contacts with the forum state." *Delta Media Group*, 2007 WL 3232432, at *3. The Sixth Circuit has established a three-part for determining whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968).

"Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked." *Maclin v. Reliable Reports of Texas, Inc.*, 314 F.Supp.3d 845, 849 (N.D.Ohio 2018).

### 1.  *Mr. Torrison did not purposely avail himself of acting in Ohio.*

First, Mr. Torrison has not "purposefully availed" himself of acting in Ohio. "The purposeful availment prong of the *Southern Machine* test is essential to a finding of personal jurisdiction," and "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721–

7

22 (6th Cir. 2000) (internal quotations omitted). Essentially, a defendant must have "the kind of substantial relationship with the forum state that invokes, by design, the benefits and protections of its laws. *Id.* at 722 (internal quotations omitted). Such a relationship is distinguishable from "a mere collateral relation to the forum State." *Id.*

To begin with, Plaintiff may assert that Mr. Torrison "purposely availed" himself of acting in Ohio by entering into his Employment Agreement with Grove Bags. However, Sixth Circuit precedent is clear that an out-of-state defendant's contract with an Ohio citizen is, in and of itself, insufficient to support a finding of purposeful availment. *See Calphalon Corp.*, 228 F.3d at 722 (""the mere existence of a contract between [an out-of-state defendant] and an Ohio citizen for seventeen months is insufficient to confer personal jurisdiction […]."); *Condon v. Flying Puck, LLC*, 35 Fed.Appx. 173, 174 (6th Cir. 2002) ("the mere existence of a contract between the defendant and an Ohio citizen ... is insufficient to confer personal jurisdiction over the defendant."); *Baker v. Bensalz Productions, Inc.*, 480 F.Supp.3d 792, 804 (S.D.Ohio 2020) ("It is well settled that the mere existence of a contract with a citizen of a foreign state is not enough to show purposeful availment.").

Moreover, the Supreme Court has held that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). That is certainly the case here, where Grove Bags is the only link between Mr. Torrison and the Northern District of Ohio. This fragile link is made all the more tenuous by the fact that Mr. Torrison performed his duties for Grove Bags out-of-state, and only traveled to Ohio as-directed by Gove Bags for trainings, retreats, and holiday parties. *See Torrison Dec.* at ¶¶ 11-13. Mr. Torrison only attended these meetings in Ohio because Grove Bags chose to be headquartered here; had Grove Bags been based elsewhere, Mr. Torrison would have traveled to any other location. *Id.* at ¶ 11. Apart

8

from these limited visits to Grove Bags' Ohio office, Mr. Torrison did not perform his job duties in Ohio, maintain a physical presence in Ohio, or engage customers and/or vendors located in the State of Ohio. *See id.* at ¶¶ 12-13.

Under these circumstances, Mr. Torrison's relationship with Grove Bags is very similar to the relationship analyzed in *Premier Automation Contactors, Inc. v. Pinney*:

> Here, even though the parties entered into agreements governed by Michigan law and regularly communicated with each other, Defendants never performed any work in Michigan, engaged no Michigan customers, and maintained no physical presence in the forum state. Although Defendants communicated with Premier in Michigan—and we assume it was as Plaintiff characterized it, more frequently rather than less—these communications occurred not because Defendants "purposefully" sought to exploit the Michigan market but rather because Premier "chose to be headquartered" in the state. *Calphalon*, 228 F.3d, at 723. These contacts are just the form of fortuitous communications which the Sixth Circuit held fall short of purposeful availment and the requirements of due process.

2020 WL 13577554, *4 (E.D.Mich. Apr. 30, 2020); *see also Filtrexx Intern., LLC v. Truelsen*, 2013 WL 587582, *11 (N.D.Ohio Feb. 13, 2013) ("while Truelsen did attend four separate training sessions or meetings in Ohio over a seven-year period, it is likely defendants would have attended those seminars wherever Filtrexx had chosen to locate its 'base of operation.'").

The fact that the Employment Agreement in this case also contained an Ohio choice of law provision is not dispositive. *See Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005) ("The existence of a choice-of-law provision, standing alone, is insufficient to establish jurisdiction […]."); *Filtrexx Intern., LLC*, 2013 WL 587582, at *10 ("The presence of a choice of law provision favoring Ohio in the parties' agreement is not dispositive of the Court's personal jurisdiction over defendants."). Moreover, as addressed above, that provision does not operate to waive Mr. Torrison's personal jurisdiction defense before *this Court*.

In sum, "to create personal jurisdiction, out-of-state defendants must purposefully avail themselves of—that is, they must choose to direct their activities toward—the forum state. If

9

instead they are choosing to direct their activities toward a particular person, and that person merely happens to live in the forum state, that is not enough. Yet that is all that Plaintiffs allege regarding Defendant['s] activities here." *Baker*, 480 F.Supp.3d at 805. In this case, Mr. Torrison's tenuous contacts with Ohio are based solely on the fact that Grove Bags chose to be based here. Had Gove Bags been headquartered elsewhere, there would be no basis for hailing Mr. Torrison into court in the Northern District of Ohio. That being so, Mr. Torrison's entirely "fortuitous" and "collateral" relationship with Ohio through his association with Grove Bags is insufficient to warrant the exercise of personal jurisdiction.

### 2. *Plaintiff's causes of action result from Mr. Torrison's alleged activities outside Ohio.*

Second, none of the acts or omissions alleged in Plaintiff's *Complaint* were committed by Mr. Torrison in the State of Ohio. While Plaintiff's *Complaint* is vague and fails to plausibly allege any wrongdoing by Mr. Torrison, what can be gleaned from Plaintiff's allegations is that none of the conduct complained of occurred (1) during Mr. Torrison's employment with Grove Bags, or (2) in the State of Ohio. Instead, Plaintiff alleges that Mr. Torrison allegedly "shared" (unspecified) "trade secrets" and "disparaged" Grove Bags years after his employment with Grove Bags ended. *See Am. Compl.* (Doc #: 22) at ¶¶ 106, 125-28. Plaintiff does not allege that any of this unspecified conduct took place in Ohio. *Id.* Because "there is no evidence that any of the alleged wrongful conduct at issue in this case occurred in Ohio," *Filtrexx Intern., LLC*, 2013 WL 587582, at *12, Plaintiff cannot prevail under the second prong of *Southern Machine. See also Baker*, 480 F.Supp.3d at 806–07 (personal jurisdiction was lacking where "the central facts relevant to Plaintiffs' claims […] occurred outside the state.").

10

### 3. *Mr. Torrison's alleged acts do not have a substantial enough connection to Ohio to make the exercise of personal jurisdiction reasonable.*

Finally, the Court must evaluate the overall reasonableness of exercising personal jurisdiction over Mr. Torrison in this case. Generally, "if prongs one and two of *Southern Machine* test are satisfied, then there is an inference that the reasonableness prong is satisfied as well." *Intera Corp.*, 428 F.3d 605 at 618. However, and because Grove Bags has "failed to satisfy the 'purposeful availment' and 'arising from' requirements of the *Southern Machine* test, an inference of reasonableness is not warranted in this case." *Id.* Accordingly, the Court "need not dwell on the third" *Southern Machine* factor. *Baker*, 480 F.Supp.3d at 807.

In essence, "[t]he third prong requires that the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant 'reasonable.'" *Baker*, 480 F.Supp.3d at 807. In this case, Mr. Torrison has "essentially no ongoing connection with Ohio," and the "[t]he most substantial connection is [Mr. Torrison's] contract with [Grove Bags]." *Id.* As discussed above, however, it "would be far from reasonable" to subject an out-of-state defendant "to suit in Ohio simply because the defendant contracted with an Ohio resident." *Id.* (internal citations omitted). Moreover, the balance of the equities weighs against exercising personal jurisdiction over Mr. Torrison. *See id.* (holding that reasonableness requirement was not satisfied where "the burden on Defendants to litigate here, […], is high," and the case did not involve "novel questions of Ohio law or important recurring issues within this state.").

Because Grove Bags cannot satisfy any—let alone all three—of the *Southern Machine* factors, its *Amended Complaint* should be dismissed for lack of personal jurisdiction.

11

**II.** **Plaintiff's *Amended Complaint* Should Be Dismissed as Against Mr. Torrison for Failure to State a Claim Upon Which Relief Can Be Granted.**

**A.** **At the Pleading Stage, Grove Bags is Required to Allege Facts Establishing a Plausible Entitlement to Relief.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court engages in a familiar, two-step inquiry. First, the Court identifies the allegations in Plaintiff's *Complaint* that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Having set aside any conclusory statements, the Court should assume the veracity of any "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Id.* Under this framework, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Rather, the determinative question, based on the Court's "judicial experience and common sense," is whether "the well-pleaded facts [….] permit the court to infer more than the mere possibility of misconduct." *Id.* at 679; *see also Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (holding, "the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible.").

**B.** **Plaintiff's *Amended Complaint* Fails to Plausibly Allege Any Misconduct Giving Rise to a Cognizable Claim for Relief.**

**1.** ***Grove Bags fails to plausibly allege that Mr. Torrison breached his agreement with Grove Bags.***

Initially, Count I[4] of Plaintiff's *Amended Complaint* alleges the breach of Mr. Torrison's Employment Agreement with Grove Bags. *See Am. Compl.* (Doc #: 22) at ¶¶ 141-161. Beyond alleging, in conclusory fashion, that "Defendants" have breached their respective Employment

---

[4] While Count II of the *Amended Complaint* also alleges breach of contract, this claim is based on co-Defendant Chaz Hermanowski's Severance Agreement, and is not directed at Mr. Torrison.

Agreements, *id.* at ¶ 148, Plaintiff fails to include any well-pleaded facts making it at least plausible that Mr. Torrison engaged in any wrongdoing. At most, Plaintiff appears to allege that "Defendants" "shared" (unspecified) "confidential information" and made (unspecified) "disparaging" statements about Grove Bags. *See id.* at ¶¶ 125-128, 133.[5]

Neither allegation pushes Plaintiff's claims into the realm of plausibility. First, simply alleging that Mr. Torrison breached confidentiality by sharing (unspecified) "confidential information" and/or "trade secrets," without alleging facts supporting these conclusory statements, is not enough to state a plausible claim for relief. *See Jackson v. Cleveland Clinic Found.*, 2011 WL 4007732, *6 (N.D.Ohio Sept. 9, 2011) ("Because Plaintiffs' claim for breach of contract rests on conclusory allegations, this claim too falls short of pleading a plausible claim."); *Intl FCStone Markets, LLC v. Intercambio Mexicano de Comercio S.A. de C.V.*, 2021 WL 1893630, *2 (S.D.N.Y. May 11, 2021) ("The complaint's boilerplate allegations that defendants disclosed confidential information, thereby causing harm, are too vague and conclusory to sustain a breach of contract cause of action."); *ChampionX, LLC v. Resonance Systems, Inc.*, 726 F.Supp.3d 786, 819 (E.D.Tenn. 2024) ("plaintiff has not alleged any actions Beam took that would constitute the use or disclosure of any confidential customer information. Therefore, to the extent that plaintiff seeks to rely on any alleged use or disclosure of customer information to support this claim, the Court finds that plaintiff has not stated a plausible claim for relief.").

---

[5] Additionally, the *Amended Complaint* now alleges that "Defendants services for Calyx are in breach of the Grove Bags Employment Agreement." *Am. Compl.* (Doc #: 22) at ¶ 147. Without further detail, the "services" Mr. Torrison is accused of rendering to Calyx appear be the alleged sharing of "confidential information" and "trade secrets." For the reasons discussed herein, those allegations are simply not plausible. Moreover, Grove Bags does not allege that Mr. Torrison was ever employed by Calyx within the two-year period following his separation of employment. *See Employment Agmt.* (Doc #:22-2) (imposing a 2-year non-compete).

13

As another district court has explained,

> Stericycle's complaint does not set forth sufficient (indeed, any) facts to plausibly suggest that Carney breached his non-disclosure obligations. Some of this information may be outside Stericycle's control. But at the same time, Stericycle cannot file a lawsuit without having a good faith basis for believing that Carney actually breached his contractual obligations. If Stericycle has some basis to support its conclusory allegation that Carney shared confidential information with PSC, it is incumbent on Stericycle to include at least some factual allegations in its complaint.

*Stericycle, Inc. v. Carney*, 2013 WL 3671288, \*6 (N.D.Ill. July 12, 2013).

The same can be said here. If Grove Bags had anything beyond speculation to suggest that Mr. Torrison has "shared" any "confidential information," it was incumbent upon Grove Bags to include such information in its *Amended Complaint*. It did not, even though Grove Bags has now had the opportunity to amend its pleading in response to co-Defendant Chaz Hermanowski's first *Motion to Dismiss* (Doc #: 20), which raised identical 12(b)(6) arguments.

### 2. Grove Bags fails to allege a plausible claim for trade secret misappropriation by Mr. Torrison.

Count III of Plaintiff's *Amended Complaint*, alleging trade secret misappropriation,[6] fails for the same reasons. To begin with, Grove Bags fails to plead the existence of any "trade secrets." As summarized by another judge of this Court, "[t]hough a party need not reveal its secrets in the complaint simply to prove that they exist, a party cannot get away with nebulous descriptions at the highest level of generality." *A.B. Pratt & Co. v. Bridgeport Group, LLC*, 2023 WL 2865640, \*26 (N.D.Ohio Apr. 10, 2023) (internal citations and quotations omitted). Accordingly, "[a] complaint that only claims general categories of information and data as trade secrets does not state a claim [...] because it does not adequately put the defendant on sufficient

---

[6] Plaintiff alleges misappropriation under the federal Defend Trade Secrets Act and the Ohio Uniform Trade Secrets Act. Claims under both statutes are generally subject to the same analysis. *See Collar Jobs, LLC v. Stocum*, 2022 WL 17340456, \*10 (N.D.Ohio Nov. 30, 2022).

notice of the contours of the claim for misappropriation." *Id.*; *see also Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL 557906, at *6 (S.D.N.Y. Jan. 23, 2018) ("Alleging the existence of general categories of confidential information, without providing any details to generally define the trade secrets at issue, does not give rise to a plausible allegation of a trade secret's existence.") (internal quotation marks and citation omitted).

In this case, Grove Bags' *Amended Complaint* defines the "confidential information" that Mr. Torrison allegedly had access to at the highest level of generality. *See Am. Compl.* (Doc #: 22) at ¶ 84-86 (listing generic categories of "highly valuable confidential information"). This listing of non-descript categories of general business information is insufficient to plead the existence of a trade secret. *See A.B. Pratt & Co.*, *supra*; *Elsevier Inc.*, *supra*. For example, Grove Bags does not plausibly allege that any of this information is a trade secret under the six-factor test articulated by the Supreme Court of Ohio, under which Grove Bags is required to show "(1) the extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business, *i.e.*, by the employees; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information." *Multilink Inc. v. Pignolet*, 774 F.Supp.3d 905, 915–16 (N.D.Ohio 2024) (*citing State ex rel. The Plain Dealer v. Ohio Dep't of Ins.*, 80 Ohio St. 3d 513, 524–25 (1997)).

Another judge of this Court has dismissed trade secret claims at the pleading stage where the plaintiff failed to allege facts going to each of these six factors. *See Multilink*, 744 F.Supp.3d at 915-17 (Oliver, J.). By way of example, the *Multilink* court held that the plaintiff in that case

15

"has not pleaded sufficient facts to show that the information is not readily available to employees within the company." *Multilink*, 744 F.Supp.3d at 916. In that case, the plaintiff alleged that its so-called "trade secrets" were "not generally known by persons other than personnel of Multilink who have a legitimate business need to know." *Id.* That is very similar to Grove Bags' allegation that it "limits access of customer information to employees with a need to utilize such information for their Grove Bags' job duties and responsibilities." *Am. Compl.* (Doc #: 22) at ¶ 57. The *Multilink* court found that this allegation was insufficient and conclusory, insofar "as it alleges that the information is known only to those that have a need to know it, without any other facts to support the allegation." *Multilink*, 774 F.Supp.3d at 916.

The *Multilink* court also found that the plaintiff "has not sufficiently pleaded the value of the information, as against competitors." *Id.* at 917. Specifically, the court found that the plaintiff's allegations that its "trade secrets have great potential or actual economic value" and that it "obtained its secrets through great cost and significant resources," without elaboration, were "conclusory because they merely recite factors and elements that are necessary to establish the existence of a trade secret, or they are unsupported by any other alleged facts within the Complaint." *Id.* The same is true here. While Grove Bags' *Amended Complaint* alleges that its "trade secrets" are "highly valuable," *see Am. Compl.* (Doc #: 22) at ¶ 64, it provides no factual support for this conclusion. In sum, Grove Bags has only alleged a generic, high-level list of *categories* of business information, without pleading facts to establish that any of this information constitutes a "trade secret."

Even if Grove Bags could allege the existence of one or more "trade secrets," it has not plausibly alleged misappropriation. Specifically, Grove Bags claims that "Defendants have improperly shared confidential information with Calyx and Tatum," *Am. Compl.* (Doc #: 22) at ¶

16

127, and that "upon information and belief, Defendants have willfully and maliciously misappropriated Grove Bags' trade secrets and used them to their business advantage," *id.* at ¶ 168. Grove Bags does not allege what, if anything, Mr. Torrison *individually* has done to misappropriate so-called "trade secrets." For example, Grove Bags does not allege what specific "confidential information" and/or "trade secrets" Mr. Torrison supposedly "shared" or "misappropriated." *See id.* Accordingly, Mr. Torrison has insufficient notice of the nature of the claims being made against him. *See Pritchard v. Thompson*, 2023 WL 5817658, *9 (W.D.Tenn. Aug. 3, 2023) ("the complaint merely alleges that Pritchard disclosed 'very specific proprietary design, technical and AI operations of the product.' […]. Without more, these allegations are not specific enough to place Harman on notice of the nature of the claims being made against it."); *ChampionX, LLC*, 726 F.Supp.3d at 810 (dismissing trade secret claim where the complaint "provides no specific allegations regarding Beam's alleged use or disclosure of customer information. Accordingly, the Court cannot find that plaintiff has set forth a plausible claim that Beam misappropriated the purported trade secrets."). Because Grove Bags' trade secret claim is entirely conclusory, it should be dismissed.

### 3. *Grove Bags fails to plausibly allege that Mr. Torrison tortiously interfered with any economic, contractual, or business relations.*

Count IV of Plaintiff's *Complaint* alleges that "Defendants intentionally and maliciously interfered with Grove Bags' economic, contract and business relationship with Tatum." *Am. Compl.* (Doc #: 22) at ¶ 177. Plaintiff does not allege any facts establishing *how* "Defendants" (much less Mr. Torrison, individually) "interfered" with its "business relationship with Tatum." For example, Grove Bags does not allege that Tatum terminated or chose not to enter into a contractual, business, and/or employment relationship with Grove Bags because of any specific conduct by Mr. Torrison. To the contrary, Plaintiff's *Amended Complaint* appears to allege that

17

"Defendants" only began to "conspire" with Tatum and Calyx *after* Tatum "had a dispute with Grove Bags regarding Tatum's […] Employment Agreement and Severance Agreement." *Id.* at ¶ 106.  Grove Bags' claim should therefore be dismissed as being wholly conclusory. *See Wilkey v. Hull*, 366 Fed.Appx. 634, 638 (6th Cir. 2010) (affirming dismissal because the plaintiff "has not alleged that any individuals terminated, or decided not to enter into, relationships with him as a result of [defendant's] actions […]."); *Mettler-Toledo, Inc. v. B&B Elec, Inc.*, 2019 WL 1649321, *6 (S.D. Ohio Apr. 17, 2019) (granting motion for judgment on the pleadings when the plaintiff did "not allege that it has actually incurred a loss of its business relationship with WiDOT as a result of Defendant's alleged conduct").

Moreover, and the extent this claim is predicated on the same (conclusory and insufficient) allegations underlying Grove Bags' breach of contract claim, it should also be dismissed because "[a] breach of contract claim generally excludes the opportunity to present the same case as a tort claim." *See Multilink*, 774 F.Supp.3d at 912. In *Multilink*, Judge Oliver dismissed the plaintiff's tortious interference with contract and business relations claims because they were predicated the same conduct underlying the plaintiff's breach of contract claim. *Id.* at 913. Because Grove Bags has not alleged any additional conduct beyond what was alleged in connection with its breach of contract claim, its tortious interference claims should be dismissed.

### 4. *Grove Bags' civil conspiracy claim should be dismissed.*

Grove Bags' civil conspiracy claim should be dismissed for two independent reasons. First, as explained above, Grove Bags has failed to plead any plausible claim(s) against Mr. Torrison. Accordingly, its derivative claim for civil conspiracy cannot stand. *See Kent Group Partners, LLC v. Citizens Bank, Natl. Assn.*, 688 F.Supp.3d 608, 617 (N.D.Ohio 2023) ("A civil conspiracy claim cannot succeed in the absence of an underlying unlawful act.").

18

Second, and to the extent it is predicated on alleged misappropriation of trade secrets, Grove Bags' civil conspiracy claim is pre-empted by the Ohio Uniform Trade Secrets Act. *See* R.C. 1333.67(A) (displacing "conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret."); *see also Kinzie Advanced Polymers, LLC*, 2025 WL 2418908, at \*25 (dismissing similar civil conspiracy claims by the same plaintiff to the extent they were predicated on alleged trade secret misappropriation).

### 5.      *Grove Bags' declaratory judgment claim should be dismissed.*

Finally, Grove Bags' *Complaint* attempts to state a claim for declaratory judgment. This "claim" should be dismissed because, first and foremost, "declaratory judgment is a remedy, not an independent claim." *Young v. Columbus Life Ins. Co.*, 2025 WL 2781300, \*9 (S.D.Ohio Sept. 30, 2025). Second, and having already asserted a claim for breach of contract, Grove Bags' request for a declaratory judgment is "redundant and duplicative." *Id.*; *see also Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 908 (6th Cir. 1999) ("[I]t is clear in the present case that a declaratory judgment would be redundant with the relief already sought for breach of contract."). Count VI of Plaintiff's *Complaint* should therefore be dismissed.

### CONCLUSION

Pursuant to the argument and authorities cited herein, Mr. Torrison respectfully requests that this Honorable Court enter an order dismissing Plaintiff's *Amended Complaint* for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

Dated: May 15, 2026                    Respectfully submitted,

                                       /s/ *Daniel J. Rudary*
                                       Daniel J. Rudary (0090482)
                                       **BRENNAN, MANNA & DIAMOND, LLC**
                                       75 E. Market Street
                                       Akron, OH  44308
                                       Phone:        (330) 253-5060
                                       Fax:          (330) 253-1977
                                       E-mail:       djrudary@bmdllc.com

                                       *Counsel for Defendants Chaz M. Hermanowski and*
                                       *Jacob Mark Torrison*

**LOCAL RULE 7.1(F) CERTIFICATION**

I hereby certify that the foregoing above-captioned case pending in the United States District Court, Northern District of Ohio, Eastern Division, is as of this filing unassigned to a case management track, and that the foregoing *Memorandum in Support of Defendant's Motion to Dismiss* complies with the requirements of Local Rule 7.1(f).

/s/ *Daniel J. Rudary*
*Counsel for Defendants Chaz M. Hermanowski and Jacob Mark Torrison*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May, 2026, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Daniel J. Rudary*
*Counsel for Defendants Chaz M. Hermanowski and Jacob Mark Torrison*

4914-6530-8584, v. 1