**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KINZIE ADVANCED POLYMERS, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-01217-CEF |
| | ) | |
| CHAZ M. HERMANOWSKI, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JACOB MARK TORRISON'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FORUM
NON CONVENIENS**

Defendant, Jacob Mark Torrison ("Mr. Torrison"), by and through undersigned counsel, respectfully submits this *Memorandum in Support* of his *Motion to Dismiss* Plaintiff's *First Amended Complaint* pursuant to the doctrine of *forum non conveniens*.

**I.      STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Grove Bags") filed this civil action in the U.S. District Court for the Northern District of Ohio on June 10, 2025. *See Compl.* (Doc #: 1). Grove Bags filed an *Amended Complaint* on December 23, 2025. *See Am. Compl.* (Doc #: 22). Grove Bags' *Amended Complaint* asserts causes of action for breach of contract, trade secret misappropriation, tortious interference with business/contact relations, civil conspiracy, and declaratory judgment. In particular, Grove Bags alleges that venue is proper in this Court under the terms of Mr. Torrison's January 1, 2022 Employment Agreement. *See Am. Compl.* (Doc #: 22) at ¶¶ 25, 32. In particular, Section 16 of Mr. Torrison's Employment Agreement provides, "Any suit involving any dispute or matter arising under this Agreement

may only be brought in the courts of the State of Ohio, in Cuyahoga County." *See Employment Agmt.* (Doc #: 22-2).

On March 10, 2026, this Court ordered Mr. Torrison to answer or otherwise respond to Plaintiff's *Amended Complaint* by May 15, 2026. This *Motion* is therefore timely.[1]

II.    **ARGUMENT**

   A.    **A Motion to Dismiss for Forum Non Conveniens is the Appropriate Procedure for Seeking Dismissal Pursuant to a Contractual Forum Selection Clause.**

When a party seeks dismissal under the terms of a contractual forum selection clause, the Supreme Court has held that the appropriate procedure is to file a motion to dismiss for forum non conveniens. *See Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (holding, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens.").

Accordingly, "where a valid forum selection clause specifies venue exclusively in a non-federal forum, […] the court's only option is either dismissal (so that the claims may be refiled in the appropriate non-federal forum) or remand (where the case was originally removed from the appropriate state forum)." *MP Star Financial, Inc. v. Nexius Sols., Inc.*, 2019 WL 3891710, *3 (N.D.Ohio Aug. 19, 2019) (*quoting FIMCO Services, LLC v. FirstMerit Bank, N.A.*, 2010 WL 5184885, *5 (E.D.Tenn. Dec. 15, 2010)). Because this case was originally filed in federal court and not removed from state court, dismissal is the "only option" in the event the Court finds that the parties' Employment Agreement provides for exclusive venue in a non-federal forum.  *See*

---

[1] Because it does not arise under Fed. R. Civ. P. 12, this *Motion* is not required to be joined with Mr. Torrison's *Motion to Dismiss* for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. *See L&L Constr. Assoc., Inc. v. Slattery Skanska, Inc.*, 2006 WL 1102814, *2 (D.D.C. Mar. 31, 2006) ("Rules 12 (g) and 12(h) do not apply to the doctrine of forum non conveniens.").

*id.*; *see also May v. Ticketmaster Entertainment, LLC,* 2010 WL 4024257, *3 (M.D.Tenn. Oct.13, 2010) ("In cases in which a forum selection clause makes a particular state court, or a foreign court, the exclusive forum, […] a motion to dismiss is the proper vehicle for enforcing the forum selection clause.").

Because the parties' Employment Agreement provides for exclusive venue in Ohio state courts located in Cuyahoga County, this action was improperly filed in this Court and should be dismissed.

**B.      This Case Should Be Dismissed Because the Forum Selection Clause in the Parties' Employment Agreement Provides for Exclusive Venue in Ohio State Courts in Cuyahoga County.**

Section 16 of Mr. Torrison's Employment Agreement with Grove Bags provides, in relevant part, that "[a]ny suit involving any dispute or matter arising under this Agreement may only be brought in **the courts of the State of Ohio, in Cuyahoga County**." *See Employment Agmt.* (Doc #: 22-2) (emphasis added).

"Every federal court of appeals that has considered the question […] has concluded that when a forum selection clause refers to the courts "of" a state, then venue will be proper only in state court, and the filing of an action in or removal to a federal court—even one located within the same state—would be improper." *Ingenium Techs. Corp. v. Beaver Aerospace & Defense, Inc.*, 122 F.Supp.3d 683, 687 (E.D.Mich. 2015). The rationale for this rule is as follows:

> A forum selection clause referring to "courts in" a state imposes a geographic limitation, not one of sovereignty. The word "in" means to "express relation of presence, existence, situation, inclusion; inclosed or surround by limits, as in a room." Hence the phrase "courts in" a state includes any court within the physical boundaries of the state, even if the court does not derive its power and authority from the sovereignty of the state. In short, a forum selection clause that specifies "courts of" a state limits jurisdiction to state courts, but specification of "courts in" a state includes both state and federal courts.

*Id.* at 687-88 (*quoting Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205–06 (9th Cir.2011)).

3

This rule has been adopted and applied in nearly every Circuit. *See Simonoff*, 643 F.3d at 1205-06; *New Jersey v. Merrill Lynch & Co.,* 640 F.3d 545, 549 (3d Cir.2011) (forum selection clause providing that "exclusive jurisdiction [ ] shall lie in the appropriate courts of the State [of] New Jersey" barred removal to federal district court) (collecting cases); *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC,* 626 F.3d 752, 755 (4th Cir.2010) (adopting "the widely-accepted rule that forum selection clauses that use the term 'in a state' express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term 'of a state' connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state" (alterations omitted)) (collecting cases); *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's,* 579 F.3d 442, 448–49 (5th Cir.2009) (finding removal barred where forum selection clause provided for " 'exclusive' venue for litigation in 'the Courts of Dallas County, Texas' " because it would be inconsistent with the parties' expressed agreement that "the state courts in Dallas County would have 'exclusive' jurisdiction" over their disputes); *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 926 (10th Cir.2005) ("the federal court located in Colorado is not a court *of* the State of Colorado but rather a court *of* the United States of America"); *LFC Lessors, Inc. v. Pacific Sewer Maint. Corp.,* 739 F.2d 4, 7 (1st Cir.1984) (concluding that "the word 'of' as it appears in [the forum selection clause] must have been intended to restrict the meaning of both 'law' and 'courts' to those that trace their origin to the state" and, therefore, "the phrase in question was intended to mean that all actions on this contract must be brought in the Massachusetts state courts").

In this case, there can be no dispute that the parties' Employment Agreement provides for the exclusive venue of any dispute in "the courts *of* the State of Ohio, in Cuyahoga County."

4

Because this can only be understood as referring to Ohio state courts sitting in Cuyahoga County, Plaintiff's filing of this action in the U.S. District Court for the Northern District of Ohio was improper. The Court should therefore dismiss this action pursuant to the doctrine of *forum non conveniens*.

**C.  When a Contractual Forum Selection Clause Exists, Courts Give No Deference to a Plaintiff's Choice of Forum or to Arguments of "Convenience".**

Unable to dispute the law or the language of the parties' *Employment Agreement*, Grove Bags may argue that this Court should nonetheless defer to its choice of forum. In this context, any such argument would be misplaced.  As the Supreme Court has explained, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). Accordingly, when a valid forum selection clause is at issue, "***the plaintiff's choice of forum merits no weight***." *Id.* at 63 (emphasis added).

Applying the Supreme Court's decision in *Atlantic Marine*, the Sixth Circuit has explained that "[t]he 'calculus changes,' […], when there is a valid and enforceable forum-selection clause." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021). "In such cases, the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-interest factors, treating the private-interest factors as weighing entirely in favor of the preselected forum. The onus falls on the plaintiff to show that the public-interest factors defeat dismissal, and they rarely will." *Id.* (internal citations and quotation marks omitted).

5

Consistent with the Sixth Circuit's analysis, the Seventh Circuit recently provided a comprehensive overview of how the traditional *forum non conveniens* analysis is altered when the parties have contractually agreed to a pre-determined forum (as Grove Bags and Mr. Torrison did in the parties' *Employment Agreement*). As the Seventh Circuit explained,

> Because the clause is mandatory, the forum non conveniens analysis is modified in three ways. First, [plaintiff's] choice of forum merits no weight. *Atl. Marine*, 571 U.S. at 63, 134 S.Ct. 568. Typically, a defendant that invokes forum non conveniens "bears a heavy burden in opposing the plaintiff's choice of forum" because the doctrine results in dismissal with the plaintiff unable to refile elsewhere if the statute of limitations has run. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 806 (7th Cir. 2016). ***But the analysis is inverted when plaintiffs file in a location that would violate a mandatory contractual obligation***. *Atl. Marine*, 571 U.S. at 63, 134 S.Ct. 568. In this scenario, "as the party defying the [mandatory] forum selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. (emphasis added). Second, we do not consider the parties' arguments regarding their private interests. *Id.* at 64, 134 S.Ct. 568. And third (less relevant here), we do not consider the original venue's choice-of-law rules, "a factor that in some circumstances may affect public-interest considerations."

*Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 680 (7th Cir. 2023) (emphasis added).

The upshot of this analysis is that traditional notions of "convenience" and deference to the plaintiff's chosen forum go out the window when an enforceable forum selection clause is at issue. Because Grove Bags cannot argue that the forum selection clause in Mr. Torrison's *Employment Agreement* is invalid or unenforceable, it should not be allowed to avoid the parties' bargained for state-court forum in exchange for a federal forum based on traditional notions of convenience or deference to the plaintiff's choice of venue. Because Grove Bags' choice of venue in this action is superseded by its agreement to litigate in Ohio state court, this action must be dismissed.

**D.  Judge Oliver's Decision in Another Case Involving Grove Bags Did Not Address the Question Presented by Mr. Torrison's Motion to Dismiss.**

Finally, Mr. Torrison anticipates that Grove Bags will argue that Judge Solomon Oliver has already ruled that a similarly worded Grove Bags employment agreement waived any challenges to personal jurisdiction/venue in the Northern District of Ohio in *Kinzie Advanced Polymers, LLC v. Calyx Containers, LLC*, 2025 WL 2418908 (N.D.Ohio Aug. 21, 2025) (hereinafter, the "*Calyx*" case). While Grove Bags may suggest that Judge Oliver's decision in the *Calyx* case is binding here, it is not. To begin with, district court decisions are not binding on other district courts (even in the same district). *See Sexton v. Wainright*, 2021 WL 779115, *4 (S.D.Ohio Mar. 1, 2021) (collecting circuit court decisions for the proposition that district court decisions are not binding on other district court judges, even in the same district).

More importantly, Judge Oliver was not presented with a *forum non conveniens* argument in the *Calyx* case, and the parties to that matter appear to have assumed that a forum selection clause providing for venue and jurisdiction in "courts of the State of Ohio" included both state and federal courts in Ohio. None of the parties to the *Calyx* case appear to have briefed or argued the issue of whether consent to the jurisdiction of courts "*of*" a state includes federal district courts sitting "*in*" that state. As discussed herein, every federal Circuit Court to have considered this question has agreed with Mr. Torrison that contract clauses referring to courts "of" a state refer exclusively to state courts, whereas language providing for venue and/or jurisdiction in courts "in" a state includes both federal and state courts in the state's geographic territory. *See Ingenium Techs. Corp.*, 122 F.Supp.3d at 687. Had Judge Oliver been presented with the law on this issue, it is unlikely that he would have declined to follow every Circuit Court to have pronounced on this question. Accordingly, Grove Bags cannot rely on Judge Oliver's decision in

the *Calyx* case as being dispositive of the question presented by Mr. Torrison's *Motion to Dismiss*.

## III.    CONCLUSION

Pursuant to the argument and authorities cited herein, Defendant Jacob Mark Torrison respectfully requests that this Honorable Court enter an order dismissing the above-captioned action pursuant to the doctrine of *forum non conveniens*.

Dated: May 15, 2026                           Respectfully submitted,

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH  44308
Phone:          (330) 253-5060
Fax:            (330) 253-1977
E-mail:         djrudary@bmdllc.com

*Counsel for Defendants Chaz M. Hermanowski and Jacob Mark Torrison*

## <u>LOCAL RULE 7.1(F) CERTIFICATION</u>

I hereby certify that the foregoing above-captioned case pending in the United States District Court, Northern District of Ohio, Eastern Division, is as of this filing unassigned to a case management track, and that the foregoing *Memorandum in Support of Defendant's Motion to Dismiss for Forum Non Conveniens* complies with the requirements of Local Rule 7.1(f).

/s/ *Daniel J. Rudary*
*Counsel for Defendants Chaz M. Hermanowski and Jacob Mark Torrison*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of May, 2026, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Daniel J. Rudary*
*Counsel for Defendants Chaz M. Hermanowski and Jacob Mark Torrison*