IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

KINZIE ADVANCED POLYMERS, LLC,          :
d/b/a Grove Bags,                       :
                                        :
           Plaintiff,                   :
                                        :        Case No. 1:25-cv-1217-CEF
     v.                                 :
                                        :        Judge Charles E. Fleming
CHAZ M. HERMANOWSKI, et al.,            :
                                        :
           Defendants.                  :

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT JACOB MARK TORRISON'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR FORUM NON CONVENIENS

I.     INTRODUCTION

Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags")

has filed this lawsuit to enforce employment agreements that Defendants Chaz M. Hermanowski

("Hermanowski") and Jacob Mark Torrison ("Torrison") (Hermanowski and Torrison are

collectively, "Defendants") were required to execute as Grove Bags' employees.  No dispute

existed between Defendants and Grove Bags until Grove Bags' competitor, Calyx Containers,

LLC ("Calyx"), enlisted Defendants to join Calyx and other former Grove Bags' employees in

litigation against Grove Bags.  Calyx is paying the legal fees for Torrison in two Colorado lawsuits

and in this lawsuit.

It is obvious that Torrison has taken highly contradictory positions in the two federal court

lawsuits.  In this lawsuit, Torrison is alleging that he is not subject to this Court's jurisdiction (ECF

#39 and 39-1).  However, in the alternative, Torrison asks this Court to decline to exercise

jurisdiction and venue over this lawsuit for the convenience of the parties, convenience of the court

1

and the interests of justice.  *Howe v. Goldcorp Investments, Ltd.,* 946 F.2d 944, 945 (1st Cir.1991); (Doc. #40-1).  Most importantly, when filing a motion for forum non conveniens, the moving party must demonstrate an adequate alternative forum where the party is "amenable to process."  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n.2, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

As to this issue, Torrison filed a lawsuit in the United States District Court for the District of Colorado, Case No. 1:25-cv-01321-DDD-CYC (the "Colorado Lawsuit") that takes a third position.  (Complaint at 117 and 119) (complaint attached to the declaration filed in opposition to Torrison's motion to dismiss).  The Colorado Lawsuit sought a declaratory judgment holding that Torrison's Grove Bag employment agreement violates Colorado law and that litigation between the Parties can only be litigated in Colorado.  In the Colorado Lawsuit, Torrison argued that "Colorado is the only court that can adjudicate the claims" between him and Grove Bags.  (ECF #30, pg. 2).

This Court is the proper jurisdiction for this lawsuit and a state court in Ohio is not more convenient than the forum selected by Plaintiff.  Accordingly, Torrison's motion for dismissal based on forum non conveniens should be denied.

## II.    <u>STANDARD OF REVIEW</u>

"Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue."  *Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 335 (6th Cir.2001) (quotation marks omitted); *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016).  Each forum non conveniens case "turns on its facts" and the Supreme Court has "repeatedly rejected the use of *per se* rules in applying the doctrine." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 455, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994).  Based on the statutory scheme applicable to jurisdiction and venue, the doctrine

generally applies when the alternative forum is in a foreign country, rather than in a different district within the federal system. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (quotations omitted).

Forum non conveniens dismissal involves a three-step analysis. After the court determines the degree of deference owed the plaintiff's forum choice, the defendant carries the burden of establishing an adequate alternative forum and showing that the plaintiff's chosen forum is unnecessarily burdensome based on public and private interests. *Id.* at 335–36; *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523–24 (6th Cir.2010).  The overriding interest is that the plaintiff knows its self-interest better than anyone else and its choice of forum should normally be followed.  *Prevent USA Corp. v. Vokswagen AG*, 17 F.4th 653, 660 (6th Cir. 2021).

When courts apply *forum non conveniens*, there are three considerations: (1) whether an adequate alternative forum is available; (2) whether a balance of private and public interests suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court; and (3) the amount of deference to give the plaintiff's choice of forum. *Hefferan*, 828 F.3d at 492; *see also Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009); *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006).

If an adequate alternative forum is available, then courts examine whether the plaintiff's choice of forum is unnecessarily burdensome. *Zions First*, 629 F.3d at 523.  To guide that analysis, courts look to the private and public interests that the Supreme Court listed in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).  A non-exhaustive list of private interests include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility

of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839. The public interests include the administrative difficulties of litigation in congested centers instead of the suit's place of origin, the burden of jury duty on citizens of communities with no relation to the case, the importance of trying the case in view and reach of others that may be affected, the local interest in having localized controversies decided at home, and the appropriateness of having trial at home with the law that governs the case. *Id.* at 508-509.

## III.    RELEVANT PLEADINGS AND FACT

A complete statement of facts and pleadings is set forth in Grove Bags' Opposition to Torrison's motion to dismiss. This statement will highlight the facts and pleadings relevant to this Court's jurisdiction.

### A.    Grove Bags Is An Ohio Based Company.

Grove Bags is an Ohio limited liability company. (Amended Complaint at ¶1 (hereinafter "Complaint at __")); (Declaration of Daniel Jaffe at 6 (hereinafter "Dec. Jaffe at __") (attached as Exhibit A to Grove Bags' opposition to motion to dismiss). Plaintiff's sole member resides in Ohio. (Complaint at ¶8); (Dec. Jaffe at 7). Plaintiff's principal place of business is in Ohio. (Complaint at ¶5); (Dec. Jaffe at 8). Plaintiff's business is located in Cuyahoga County at 26201 Richmond Road, Unit D, Bedford Heights, Ohio 44146. (Complaint at ¶2); (Dec. Jaffe at 8). Grove Bags' management team, warehouse and vast majority of its employees are in Ohio. (Complaint at ¶6); (Dec. Jaffe at 6-19). Any Grove Bags' employees who reside outside of Ohio report to Ohio management and are regularly required to visit Ohio as part of their job duties. (Dec. Jaffe at 13).

Due to Grove Bags' deep Ohio connections, all of its employee and contractor agreements provide that Ohio law applies. (Dec. Jaffe at 14).  This Ohio choice of law provision for employees and contractors has been consistently utilized by Grove Bags since Grove Bags opened for business. (Dec. Jaffe at 15).

**B.**      **This Court Has Recently Ruled That Grove Bags' Remote Employees Are Subject To This Court's Jurisdiction.**

Calyx is Grove Bags' competitor. (Complaint at 37); (Dec. Jaffe at 79).  In 2024, Grove Bags initiated litigation against Calyx and Michael Ryan Tatum ("Tatum"), a former Grove Bags' employee, in this Court, Case No. 1:24-cv-01887-SO (the "Tatum Ohio Lawsuit"). (Complaint at 46); (Dec. Jaffe at 87).  The Tatum Ohio Lawsuit arises out of Tatum's breach of the Grove Bags Employment Agreement by Tatum becoming an employee of Calyx in violation of the noncompete obligation contained in the Grove Bags Employment Agreement. (Complaint at 87).

Tatum challenged the choice of jurisdiction and choice of law provisions in the Grove Bags Employment Agreement in the Tatum Ohio Lawsuit. (Complaint at 39).  Judge Solomon Oliver, Jr. issued an Order in the Tatum Ohio Lawsuit on August 21, 2025 that held that the Northern District of Ohio was the proper forum for Grove Bags' claims against Tatum in the Tatum Ohio Lawsuit. [Doc. 56]. (Complaint at 40).  The Order held that Ohio law applies to the Grove Bags Employment Agreement. (Complaint at 41).  The Order held that the choice of jurisdiction contained in the Grove Bags Employment Agreement was enforceable. (Complaint at 42).  Tatum also filed motions to dismiss for lack of jurisdiction and venue in the Tatum Ohio Lawsuit. [Doc. 20]. (Complaint at 43).  Judge Oliver issued an Order denying Tatum's motion to dismiss for lack of jurisdiction and venue on September 17, 2025. [Doc. 61] (Complaint at 44).

C. **Torrison Held A Sales Position With Grove Bags.**

Grove Bags sells high quality packaging products to commercial and residential customers. (Complaint at 47). Grove Bags' competitive advantage is driven by its packaging brand, TerpLoc® (Complaint at 49). As set forth in the Complaint, Grove Bags takes significant precautions to protect its confidential business information. (Complaint at 47-67).

Torrison signed three employment agreements with Grove Bags during his Grove Bags' employment. (Complaint at Ex. 2); (Dec. Jaffe at 47 and Ex. 1). The execution and compliance with the employment agreement was a condition of Torrison's employment with Grove Bags. (Complaint at 71). Had Torrison refused to sign the employment agreement, Grove Bags would not have hired Torrison. (Complaint at 72). All three of the Grove Bags' employment agreements signed by Torrison contained an Ohio choice of law and jurisdiction provision. (Complaint at Ex. 2). Torrison did not raise any concerns with the Grove Bags Employment Agreement during his employment with Grove Bags. (Complaint at 105).

Torrison began his Grove Bags' employment on December 7, 2020. (Complaint at Ex. 2); (Doc. #39-2 at ¶5). Torrison's initial position with Grove Bags was as a Salesman for Grove Bags. (Complaint at Ex. 2, Section 4(a) of the 2020 employment agreement). Exhibit A to the 2020 employment agreement was a commission and bonus plan that provided Torrison with the eligibility to earn commissions and bonuses in addition to his base salary. (Complaint at Ex. 2).

Torrison signed his second employment agreement with Grove Bags on January 5, 2021. (Complaint at Ex. 2). Torrison's second position with Grove Bags was Colorado Solutions Specialist. (Complaint at Ex. 2, Section 4(a) of 2021 employment agreement). Torrison's final employment agreement with Grove Bags was effective January 1, 2022. (Complaint at Ex. 2). Section 4(a) of the 2022 employment agreement provided that Torrison's position with Grove

6

Bags was Central Territory Sales Manager.  (Complaint at Ex. 2).  Paragraph 3 of the 2022 employment agreement provided Torrison with an increase in his base salary and the opportunity to earn commissions under the 2022 employment agreement.  (Complaint at Ex. 2).

As a sales employee with Grove Bags, Torrison was required to record his customer and prospective customer contacts in Grove Bags' CRM system.  (Complaint at 83).  In addition, Torrison had access to highly valuable confidential information that Grove Bags consider trade secrets as a Grove Bags' sales employee.  (Complaint at 84).  Torrison helped to create and had access to the following information during his Grove Bags' employment:  (1) Customer information in Grove Bags' CRM system; (2) information on the likes and dislikes of customers; (3) Grove Bags' pricing policies; (4) Grove Bags' costs; (5) Grove Bags' product information; (6) Grove Bags' customer lists; (7) Grove Bags' prospective customer lists; (8) Grove Bags' pricing information; (9) Grove Bags' business strategy; (10) products that competed with Grove Bags' products; (11) Grove Bags' competitors; and (12) Grove Bags' growth areas.  (Complaint at 85).  Torrison also had access to Grove Bags' sales strategy, customer complaints, customer questions, proposed responses to customer questions, and Grove Bags' strategy for building sales.  (Complaint at 86).

During his Grove Bags' employment, Torrison regularly visited Grove Bags' headquarters for training, Grove Bags' employee events, and sales meetings.  (Dec. Jaffe at 74).  Torrison concedes that he traveled to Ohio "for company-related events such as training, department retreats, and company-wide holiday parties."  (Doc. #39-2 at ¶11).  Torrison admits that his travel to Ohio was due to the fact that Grove Bags is based in Ohio.  (Doc. #39-2 at ¶11).

Torrison's employment with Grove Bags was terminated for cause effective April 7, 2023. (Complaint at Ex. 4); (Doc. #39-2 at ¶7).  A copy of the termination letter is attached as Exhibit 4

to the Complaint.  (Complaint at Ex. 4).  Torrison was offered a severance package, but he elected not to sign the agreement.  (Complaint at 102-103); (Doc. #39-2 at ¶9).

**D.      Torrison Has Filed A Lawsuit Against Grove Bags And He Is Actively Working With Calyx To Damage Grove Bags.**

Torrison did not raise any concerns with Grove Bags regarding his employment agreement during his employment with Grove Bags.  (Complaint at 105).  In fact, Torrison did not raise any concerns with the employment agreement until Grove Bags initiated the Tatum Ohio Lawsuit. (Complaint at 106).

The Tatum Ohio Lawsuit was filed on October 29, 2024.  (ECF #1); (Complaint at 37). Relevant to this Opposition, on August 21, 2025, Judge Oliver granted, in part, Grove Bags' preliminary injunction motion in the Tatum Ohio Lawsuit.  (ECF #56); (Complaint at 37).  The injunction prohibits Tatum from performing services for Calyx.  (ECF #56); (Complaint at 37). Once an injunction was issued against Tatum and Calyx in the Tatum Ohio Lawsuit, Calyx and Tatum have taken actions to damage Grove Bags.  (Complaint at 111).  Torrison joined Tatum and Calyx in a lawsuit filed in the United States District Court for the District of Colorado, Case No. 1:25-cv-01321-DDD-CYC (the "Tatum Colorado Lawsuit").  (Complaint at 117 and 119). Torrison joined in the Tatum Colorado Lawsuit despite knowing this lawsuit was filed.  (Complaint at 129).

On June 26, 2025, Torrison joined the Tatum Colorado Lawsuit.  (ECF #19) (Dec. Jaffe at Ex. 5); (Complaint at 117 and 119).  Torrison verified the truth of the allegations in the complaint filed in the Tatum Colorado Lawsuit.  (ECF #19, pg. 38); (Dec. Jaffe at Ex. 5).  Paragraph 99 of the Amended Complaint alleges that Torrison attended a convention on behalf of Grove Bags on March 31, 2023.  (ECF #19); (Dec. Jaffe at Ex. 5).  Paragraph 100 of the Amended Complaint alleges that "multiple prospective customers asked Torrison to provide proof of a patent for the

Terploc product. . . ." (ECF #19); (Dec. Jaffe at Ex. 5).  Paragraph 102 of the Amended Complaint alleges that Torrison raised the patent issue with Grove Bags' "management."  (ECF #19); (Dec. Jaffe at Ex. 5).  Paragraph 104 of the Amended Complaint alleges that Torrison was discharged shortly after he allegedly raised the patent issues.  (ECF #19); (Dec. Jaffe at Ex. 5).

Torrison asserts four claims for relief in the Amended Complaint.  (ECF #19); (Dec. Jaffe at Ex. 5).  The First Claim for Relief seeks a declaration that Torrison's restrictive covenants with Grove Bags are void.  (ECF #19); (Dec. Jaffe at Ex. 5).  The Seventh Claim for Relief alleges a claim under C.R.S. § 8-2-113.  (ECF #19); (Dec. Jaffe at Ex. 5).  The Seventh Claim for Relief alleges that Hermanowski's employment agreement with Grove Bags should be governed by Colorado law.  (ECF #19); (Dec. Jaffe at Ex. 5).  The Eighth Claim for Relief alleges tortious interference with contract.  (ECF #21); (Dec. Jaffe at Ex. 5).  The Ninth Claim for Relief alleges that Grove Bags violated a duty of good faith by enforcing the employment agreement.  (ECF #19); (Dec. Jaffe at Ex. 5).

On July 15, 2022, Grove Bags filed a motion to dismiss the Amended Complaint because this case was the first filed lawsuit and both lawsuits addressed the same factual and legal issues. (ECF #22).  On July 15, 2022, Grove Bags filed a motion to stay the litigation. (ECF #23).  The Colorado Court in the Second Lawsuit granted the stay of litigation pending a ruling on the motion to dismiss.  (ECF #39).  The motion to dismiss was granted on March 29, 2026.  (Dec. Jaffe at Ex. 6).

Following the issuance of an injunction against Tatum, Calyx filed a second Colorado lawsuit against Grove Bags.  (Dec. Jaffe at 121).  The second lawsuit is Case No. 1:25-cv-0642-RBJ.  (ECF #16-14).  Torrison filed a declaration in the second Colorado lawsuit in support of Calyx's claims against Grove Bags.  (Dec. Jaffe at Ex. 7); (ECF #16-14).  As with the Tatum

9

Colorado Lawsuit, the Declaration alleges facts relating to Torrison's training, sales presentations, alleged customer questions, and Grove Bags' patents.  (Dec. Jaffe at Ex. 7); (ECF #16-14).  The Declaration was filed after this lawsuit was pending.  (Dec. Jaffe at Ex. 7); (ECF #16-14).

Calyx is paying Torrison's legal fees in his lawsuits against Grove Bags.  (Complaint at 122).  Calyx is paying Torrison's fees in order to gain leverage over Grove Bags.  (Complaint at 123).   Defendants have assisted Calyx in litigation by disclosing trade secrets and confidential information to Calyx in violation of their Grove Bags Employment Agreements.  (Complaint at 125).  Defendants have assisted Tatum in litigation by disclosing trade secrets and confidential information in violation of their Grove Bags Employment Agreements.  (Compliant at 126).  Defendants have improperly shared confidential information with Calyx and Tatum.  (Complaint at 127).  Finally, Defendants have improperly shared trade secrets information with Calyx and Tatum. (Complaint at 128).

III.    **ARGUMENT**

A.    **Torrison Has Taken Contradictory Legal Positions In Ohio And Colorado.**

Torrison has taken contradictory legal positions based on the forum.  In the Colorado Lawsuit, Torrison filed a verified complaint seeking to void his Grove Bags' employment agreement and has argued that "Colorado is the only court that can adjudicate the claims" between him and Grove Bags.  (ECF #30, pg. 2).  In this lawsuit, Torrison argues that the employment agreement is valid and that the jurisdiction clause requires Grove Bags to litigate its claims against Torrison in an Ohio state court.  Incredibly, Torrison has moved to dismiss this lawsuit based on the jurisdiction clause that he argued to the Colorado district court is invalid.

10

Torrison does not advise this Court of his contradictory positions.  Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  *Pegram v. Herdrich*, 530 U.S. 211, 227, no.8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000); 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §4477, p. 782 (1981) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").  Torrison and his counsel should not be permitted to take contradictory legal positions to fit the forum where he is litigating.

### B.        This Court Has Jurisdiction Over Torrison.

"Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue."  *Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 335 (6th Cir.2001) (quotation marks omitted).  Jurisdiction in this Court is based on the three employment agreements signed by Torrison, Torrison's work for an Ohio employer, and Torrison's actions directed toward Grove Bags in this forum when Torrison was fully aware of the Ohio lawsuit.

Grove Bags elected to file this lawsuit in federal court due to the pending Tatum Ohio Lawsuit.  This election should be given deference.  *Prevent USA Corp. v. Vokswagen AG*, 17 F.4th 653, 660 (6th Cir. 2021).  More importantly, none of the *forum non conveniens* factors are met. *Hefferan*, 828 F.3d at 492.  Both this court and state courts are located in Cuyahoga County, Ohio – Torrison will have no inconvenience by litigating in this Court.  Moreover, Torrison did not

dismiss his complaint that he filed in the Colorado Lawsuit and he has not confirmed to this Court that he is "amenable to process" in state court.  *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n.2, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).  Accordingly, because none of the *forum non conveniens* factors are met, Torrison's motion should be denied in its entirety.

## V. <u>CONCLUSION</u>

Based on the above-cited arguments and authorities, Torrison's Motion to Dismiss for *forum non conveniens* should be denied in its entirety.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Y. Timothy Chai (0092202)
GORDON REES SCULLY MANSUKHANI, LLP
127 Public Square, Suite 5130
Cleveland, Ohio 44114
T: (216) 302-2531
dcampbell@grsm.com
tchai@grsm.com

*Attorneys for Plaintiff*
*Kinzie Advanced Polymers, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th of June, 2026, a true and accurate copy of the foregoing was served via email.  In addition, the motion was electronically filed with the Court and served through the Court's online service process.

> /s/David A. Campbell
> *Attorney for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*